MORTON *v.* STATE.*

(Division A. Oct. 6, 1924.)

[101 So. 379. No. 24354.]

</div>

1. SEARCHES AND SEIZURES. *Warrant which did not conform to affidavit, nor authorize search of particular place described therein, void.*

A search warrant, which did not conform to affidavit on which warrant was issued, nor authorize search of any particular building or place described therein, was void.

2. INTOXICATING LIQUORS. *Defendant held not to have invited search without valid search warrant.*
Where officers told defendant that they "had a search warrant to search his place for liquor," defendant by his reply, "All right, white folks; search my house whenever you get ready," did not invite search, and waive requirement of valid search warrant.

3. CRIMINAL LAW. *Evidence obtained by means of search without valid warrant inadmissible.*
Evidence obtained by means of search without valid warrant *held* inadmissible.

4. CRIMINAL LAW. *Corpus delicti must be proved, to admit confession.*
The *corpus delicti* must first be proved, to permit proof of confession.

5. CRIMINAL LAW. *Defendant's confession, without proof of corpus delicti, not sufficient to sustain conviction of having possession of liquor.*
In prosecution for having possession of more than one quart of liquor, defendant's confession that he had liquor in his possession was not alone sufficient for conviction; proof of *corpus delicti*, necessary to proof of confession, being supported principally by incompetent evidence of illegal search.

6. CRIMINAL LAW. *Admission of incompetent evidence tending to prove corpus delicti held ground for reversal, notwithstanding defendant's confession.*
In prosecution for having possession of intoxicating liquor, defendant's confession that he had liquor in his possession did not render admission of evidence obtained by means of invalid search warrant harmless, where such evidence was only evidence tending to prove the *corpus delicti*, to support admission of the confession.

---

Headnotes 1. Searches and Seizures, 35 Cyc, p. 1267 (1926 Anno); 2. Intoxicating Liquors, 33 C. J., section 376 (1926 Anno); 3. Criminal Law, 16 C. J., section 1110; 4. Criminal Law, 16 C. J., section 1468 (1926 Anno); 5. Criminal Law, 16 C. J., section 1468 (1926 Anno); 6. Criminal Law, 17 C. J., section 3662.

APPEAL from circuit court of Lee county.
HON. C. P. LONG, Judge.
Walter Morton was convicted of possession of more

than one quart of liquor, and he appeals. Reversed and remanded.

*John R. Anderson,* for appellant.

I. The affidavit states that "intoxicating liquors are kept in violation of law in a building occupied by Walter Morton on North Spring street," etc. The testimony shows that Walter Morton lived in a house on North Spring street and that there were two outhouses, viz., a coal house and another outhouse. Before a justice of the peace could issue a search warrant he must first get his information from the affidavit and issue a search warrant, on the information procured from the affidavit. Now how could a justice of the peace or anyone else ascertain from the affidavit whether the buiding described in the affidavit was the home occupied by the appellant, a store house, a coal house or what.

In other words it is our contention that the affidavit under section 23 of the Constitution must "specially designate the place to be searched," and in the event of the failure of that affidavit to designate the place to be searched with the particularity required of it by section 23, then such an affidavit is void and a search warrant issued as a result thereof is illegal and violates the due process clause, Section 14 of the Constitution of the state of Mississippi. And how could anyone have arrived at what was intended to be searched from the affidavit in this cause because it was not stated whether the building designated in the affidavit was the home of the appellant, his outhouse, store house or what it was. *Turner* v. *State,* 98 So. 240; *State* v. *Watson,* 98 So. 241.

II. The search warrant commanded the officers to search the outhouse designated in the affidavit. There was no outhouse designated in the affidavit. Therefore the search warrant is void because it does not designate

the premises to be searched with the particularity required of it by section 23 of the Constitution of the state of Mississippi. It is not even designated in the search warrant where the outhouse is located. That is, whether in the state of Mississippi, Lee county, or where, but simply states the outhouse designated in the affidavit and there was none designated in the affidavit. Therefore, we say that the search in this case was illegal.

III. The testimony shows that the consent of the appellant to search his place was not obtained until the officers told him that they had a search warrant and then he told the officers to go ahead and search. We say that this merely amounted to an agreement on the part of the appellant that the officers could search his house provided they had a search warrant. *State* v. *Watson,* 98 So. 241.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

Appellant urges that the affidavit upon which the search warrant of the officers was issued, was invalid, principally because the place of the search was not fully described therein; that there was a serious variance between the warrant and the affidavit upon which it was predicated. He says that by virtue of such invalidity the testimony of the officers as to the finding of the whiskey was inadmissible under the holding of this court in the case of *Turner* v. *State,* 98 So. 240, and many other cases.

We do not deem it necessary to go into the question of the validity of the search warrant or affidavit at this time because we are convinced that not only did the defendant expressly agree and consent to the search of his premises, but that he made a confession in the record which is not negatived by any testimony whatsoever.

We might add just here that at the conclusion of the state's cause the matter was submitted to the jury under proper insructions. There was no testimony introduced on behalf of the defendant.

Appellant relies upon *State* v. *Watson*, 98 So. 241, in support of his contention that he did not freely consent to the search of his premises and, therefore, if the affidavit for search warrant and the search warrant itself are invalid, evidence procured thereunder is rendered inadmissible. A careful examination of the original record in the Watson case, discloses facts therein wholly different from those revealed by the record in the case at bar. In the Watson case it was established that when the officers reached the house of appellant, they drove up to his door, got out, stepped up to the back door and told him that they had a search warrant, whereupon, the appellant wheeled around and said, "All right," and commenced breaking up some jugs which had whiskey in them. The appellant testified that he never consented to the search of his house without a lawful warrant, but that he told the officers that they might do so if they had one. In the case at bar, it was clearly established by the state's witnesses that the defendant offered his services to them in the search.

In the case at bar, there was no mere acquiescence or failure to protest or object to the search, but there was a positive waiver of rights and an affirmative stand taken by the appellant. But granting that the affidavit and search warrant were invalid and that the testimony secured thereunder would thereby become inadmissible, appellant freely and voluntarily made a confession to the officers as is shown in the testimony.

When the officers were turning over a pile of coal in the appellant's coal house they struck a jug and before anyone had said anything about what was in it, Mr. Carr said, "Well, here it is," and the appellant replied, "Mr. Elzie, you sho' got me, ain't you." The officer did not

question him; he held out no promise or inducement to appellant, but said "I think I have." He then turned to the appellant and asked the question, "How much in the jug" (that was, as he says, before he had gotten it out of its hiding place). The appellant replied, "I bought a gallon and a half."

In *Mont Gilmore* v. *State of Oklahoma*, 106 Pac. 801, 27 L. R. A. (N. S.) 151, a confession was held admissible and voluntary, even before the deputy sheriff who arrested the appellant and seized a certain barrel of whiskey, knew just what it contained. The Oklahoma court held that regardless of whether or not the deputy sheriff was armed with a search warrant, the confession of defendant was admissible.

*John R. Anderson,* in reply, for appellant.

The state contends that even though the search warrant and affidavit were invalid and appellant did not consent to the search, still in view of the fact that he made a voluntary confession the case ought to be affirmed. This question was decided absolutely against this contention in *Turner* v. *State,* 98 So. 240. Surely the state does not contend that the *corpus delicti* can be proven alone by the confession of the appellant. If it does, the following cases will put it at rest on that question: *Sam* v. *State,* 33 Miss. 347; *Stanley* v. *State,* 82 Miss. 498, 34 So. 360; *Murray* v. *State,* 104 Miss. 296, 61 So. 315.; *Barren* v. *State,* 111 Miss. 231, 71 So. 374; *Rayborn* v. *State,* 115 Miss. 730, 76 So. 639; *Patterson* v. *State,* 90 So. 2; *Williams* v. *State,* 129 Miss. 469, 92 So. 584.

HOLDEN, J., delivered the opinion of the court.

Walter Morton appeals from conviction upon a charge of having more than one quart of liquor in his possession.

The main point urged by the appellant for reversal is that the search and seizure of the liquor was without a lawful search warrant, and that the testimony of the officers making the search and seizure was inadmissible. It is contended that the officers had a void search warrant, because it did not conform to the affidavit, nor authorize the search of any particular building or place, as described in the affidavit upon which the warrant was issued, and we think the position is well taken, and we find no difficulty in saying, from the record, that the search warrant was void.

But the state contends that, even though the search warrant was void, still the conviction must stand, because the appellant voluntarily consented and invited the search, and thereby waived the requirement of a search warrant; and, second, that the conviction must be affirmed, because the appellant confessed, as shown by the testimony, to having the liquor in his possession, and that therefore the confession or admission of the possession of the liquor by appellant was sufficient to sustain the conviction, even with the officer's testimony excluded.

We are unable to agree with the positions taken by the state, for the reason that, first, the officers told the appellant that they "had a search warrant to search his place for liquor," whereupon the appellant said, "All right, white folks; search my house whenever you get ready." We do not think, under these circumstances, the appellant voluntarily consented to the search of his house, because he believed the officers had a lawful search warrant to search his premises, as they had stated to him. Therefore the search was unlawful, not by voluntary consent, and the testimony of the officers, for that reason, was inadmissible. The question is settled in the case of *State* v. *Watson* (Miss.), 98 So. 241; *Smith* v. *State,* 133 Miss. 730, 98 So. 344.

On the second proposition, that the confession of appellant to having the liquor in his possession was alone

ample for conviction, we do not think the confession was sufficient to sustain the conviction, because the *corpus delicti* must first be proved, and when the testimony of the officers making the search is eliminated there is no proof left in the case to support the body of the crime, and therefore the confession was inadmissible.

In view of these conclusions, we find that the judgment of the lower court must be reversed, and the cause remanded.

*Reversed and remanded.*

ANDERSON, J., takes no part.