CROSBY *v.* STATE.[*]

(Division B.   Nov. 8, 1926.)

[110 So. 123.   No. 25697.]

1.  INTOXICATING LIQUORS.
    Variance between affidavit and search warrant, in that affidavit did not designate place where liquor was found, renders testimony secured by search incompetent.

2.  SEARCHES AND SEIZURES.
    Unless search warrant conforms to affidavit on which it was issued it is void.

[*]Corpus Juris-Cyc References: Intoxicating Liquors, 33CJ, p. 682, n. 5.   Searches and Seizures, 35Cyc, p. 1266, n. 16.
    144 Miss.—26.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Lloyd Crosby was convicted of having intoxicating liquor in his possession, and he appeals. Reversed and remanded.

*D. H. Glass,* for appellant.

The search warrant was absolutely void as far as it applied to the interlineations that appeared in the search warrant when such property as described in such search warrant *was not* described in the affidavit for search warrant. The beer that is alleged to have been found in the *"smokehouse of the tenant house"* which is a part of the pencil interlineations that appear in the search warrant and which *do not* appear in the affidavit for search warrant. Any search made without authority of law is a void search and evidence obtained thereby is inadmissible. If the affidavit specified only certain property; and after searching such property, nothing is found, certainly authority could not be obtained for searching other property by writing with pencil the description of this other property in the search warrant. *Taylor* v. *State,* 98 So. 459; *Vaughan* v. *State,* 101 So. 439; *Fatimo* v. *State,* 98 So. 537; *Strangi* v. *State,* 340.

*W. A. Scott, Jr.,* Special Agent, for the state.

It will be seen that the affidavit on which the search warrant was issued prays that a search be made of the "dwelling, outhouses, and premises" and the search warrant demands the search of the "dwelling house, outhouses, the premises, smokehouse, tenant house and tenant's smokehouse." Armed with this warrant the officers proceeded to the defendant's place where they found the liquor here involved. The testimony is to

the effect that this liquor was found in a smokehouse which was an appurtenance to an unoccupied tenant house and was about seventy-five or one hundred yards in front of the defendant's dwelling. The officer making the search testified that in this smokehouse about seventy-five or one hundred yards from the dwelling two sixty-gallon barrels of mash were found.

The appellant contends that the evidence secured by this search is inadmissible for the reason that the affidavit prays only for a warrant to search defendant's dwelling, outhouses and premises, while the warrant itself directs the search of the foregoing property and also includes the tenant house and tenant's smokehouse. Cases cited by appellant are plainly distinguishable. The precise question here is whether or not the warrant is void because of the insertion of the words "tenant's smokehouse." We admit that under the authority of *Norton* v. *State,* 101 So. 379, 136 Miss. 284, the warrant must conform to the affidavit, yet in this particular case we deny that such a variance has occurred. What the warrant does by incorporating the additional term is to make it more specific and does not alter the description, or authorize the search of other and different property. We submit that the language used in the affidavit is sufficiently broad to authorize the search of the smokehouse some seventy-five or one hundred yards in front of the defendant's dwelling even where this smokehouse was an appurtenance to an unoccupied tenant house owned by the defendant. The smokehouse was certainly an outhouse within the meaning of the affidavit and it was certainly on the premises of the defendant. The court will notice that the affidavit specifically prays for a search of the outhouses and the premises.

The affidavit in the present case is not subject to the objections stated in *Rignall* v. *State,* 98 So. 444, 134 Miss. 169. Here the affidavit specifically sets forth that the liquor is to be found in the outhouses, upon the premises

used or occupied by the defendant, near Marydell, in Leake county, Mississippi, while the evidence shows that the tenant house at that time was temporarily vacant, yet it is undisputed that it was owned by the defendant that it was on his place and that he had the right to use it or to occupy it at any time he saw fit to do so. This court has several times upheld descriptions practically the same as that contained in the affidavit in *Bradley* v. *State,* 98 So. 459.

See, also, *Matthews* v. *State,* 100 So. 18, for a description reading "on the premises occupied by L. A. Matthews in District No. 5, about fourteen miles northeast of Hazlehurst in said county and state.

Argued orally by *D. H. Glass,* for appellant, and *W. A. Scott, Jr.,* Special Agent, for the state.

HOLDEN, P. J., delivered the opinion of the court.

Lloyd Crosby appeals from a conviction on a charge of having intoxicating liquor in his possession.

The main point presented for reversal is that there is a material variance between the affidavit and the search warrant used by the officers in finding the liquor, with reference to the designation of the place to be searched. The liquor found by the search of the officers was introduced in evidence over the objection of the appellant, and if the search warrant was void because of a variance between it and the affidavit, the judgment of the lower court must be reversed.

We have examined the affidavit and search warrant in question, and we find there is a fatal variance between the two, in that the affidavit does not designate the "tenant house and tenant's smokehouse," where the liquor was found.

It is a well settled rule in this state that a search warrant must conform to the affidavit upon which it is is-

sued; otherwise the warrant is void. It follows that the search in this case was unlawful because the warrant was void, and therefore the testimony secured by the search was incompetent and the court erred in admitting it.

For the reason given, the judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*