STEPHENS v. STATE.

(Division B. Nov. 7, 1938.)

[184 So. 327. No. 33425.]

L. W. Brown, of Starkville, and W. L. Sims, of Columbus, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Anderson, J.,** delivered the opinion of the court.

Appellant was convicted in the Circuit Court of Oktibbeha County of the crime of the unlawful possession of intoxicating liquor. The evidence upon which the conviction was had was secured by a search of his storehouse and the lot on which it was situated. There the liquor was found. Appellant objected to the introduction of the evidence on the ground of fatal variance between the affidavit for the search warrant and the search warrant itself. In the affidavit for the search warrant, the place and things to be searched were described as

follows: "the dwelling house, outhouses, upon the premises, in the automobiles and other vehicles used and occupied by, and on the person of Terrel Stevens on Hwy. 82 in NE¼ Sec. 36—18—15 in said county and State." In the search warrant, there was the following description: "the residence, outhouses, barns, stalls, smokehouses, crib, and in the yard and garden, and in the field and woods near the place of Terrel Stevens in the 2nd district of said Oktibbeha County and on Section 36, Township 19, Range 15, in said county, *and more particularly described as follows: Store or place operated by Terrel Stevens located in or on W½ NE¼ Sec. 36—19—15 land assessed to Johnson Kenneday.*" (Italics ours.) The affidavit neither in specific nor in general terms describes the storehouse. There is nothing in it pointing directly or indirectly to a storehouse as the place to be searched. In the search warrant, however, in unmistakable terms the storehouse is pointed out as the place to be searched. The variance between the affidavit and the search warrant was fatal. We leave out of consideration the variance between the township described in the affidavit, and that described in the search warrant. The view we take renders it unnecessary to pass on the effect of that variance. Crosby v. State, 144 Miss. 401, 110 So. 122; Morton v. State, 136 Miss. 284, 101 So. 379.

The result here is the Court should have excluded the evidence and directed a verdict of not guilty.

Reversed and judgment here for appellant.