## PEEPLES *v.* STATE.

Mar. 9, 1953

No. 38660      23 Adv. S. 17      63 So. 2d 236

E. L. Lamar, for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

LOTTERHOS, J.

Appellant was convicted in a justice of the peace court of unlawful possession of intoxicating liquor. On appeal to the circuit court, he was again found guilty and sentenced. The facts disclosed by the record are as follows: On search of appellant's residence, a four-room house, under authority of a search warrant, officers found two and a half pints of whiskey in an open cabinet in the back room or kitchen. Appellant was not at home at the time. The warrant was served on "the lady there in the house". Just before the officers left, appellant came up, and asked what kind of bond they wanted him to make. In defense, appellant testified that he knew nothing about the whiskey, that he was not at home the day of the search, that it was not his whiskey, that he did not put it there, and that he had never seen the bottles until the day of the trial. He stated on cross-examination that he was the head of the family, that

the kitchen and the cabinet belonged to him, and that his two children, apparently daughters of 12 and 23 years of age, lived with him. He testified that at the time there were two men taking their meals in his house and one of them stayed there at night. He would not say that the whiskey belonged to them. No one other than these two men and his daughters had access to the kitchen. He would not say that the whiskey did or did not belong to any of these people.

It is first argued by appellant that the verdict was contrary to the great weight of the evidence, that the lower court should have sustained his motion for a new trial, and that the evidence was insufficient to make an issue for the jury. These points will be considered together. The proposition has been stated in City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785, that "when unlawful liquor is found on the premises or in the physical possession of a person, and such person claims that the liquor is in his possession without his knowledge, a question of fact arises to be decided by a jury, as to whether or not he knowingly or consciously possessed or controlled the liquor, as it may be reasonably presumed and inferred as a fact that he knows of its presence."

In Williamson v. State, 191 Miss. 643, 4 So. 2d 220, upon search of the defendant's home, a quantity of whiskey was found in a locked trunk. The court stated that "this evidence created for the State a prima facie case as against appellant, for he is, in legal contemplation, the responsible head of the house and in control of the premises. And where intoxicating liquor is found on the premises of which the defendant is in possession and control a rebuttable presumption of fact arises that it was in his possession". Williamson testified in rebuttal of this evidence that he had been absent from his home for about three weeks, that the liquor was not his, and that he knew nothing about it. His family consisted

of his wife and a daughter and three stepchildren, two
of whom were boys 15 and 18 years of age. His wife
operated a cafe. In holding that the conviction of un-
lawful possession of intoxicating liquor should be af-
firmed, the court stated: ''Although the burden of proof
was upon the State, the jury were free to consider
whether the prima facie case, made by the discovery of
the liquors in a home to which access was procured by
appellant's key and in a locked trunk therein which was
not shown to be under the key of another, had been
overturned. Their verdict sustained the inferences
which such possession authorized, and we are unwilling
to displace their judgment by a contrary view.'' Under
the doctrine of the Williamson case, we have concluded
that the evidence in the case at bar is such that it was
for the jury to determine the factual issue presented. It
is true that the Williamson case was affirmed by an
evenly divided court. However, in Quick v. State, 192
Miss. 789, 7 So. 2d 887, the court followed the William-
son case and stated that there the court had laid down
the rule ''that the finding of liquor in the home made
out a prima facie case against the husband and father,
who in law is the head of the family and in charge of
the home'', and stated further that the Williamson case
''is binding on us unless it is overruled, and we think
the rules laid down therein justify the verdict of the
jury in this case in finding that these two half pints of
whiskey were in the possession or under the control of
appellant.''

In Goss v. State, 187 Miss. 188, 192 So. 494, intoxicating
liquor was found in the home of the defendant, ap-
parently in a space under a trap door which was under
the cooking stove. Goss testified that the liquor found
in his home was not his liquor, that he did not know it
was there, and that at the time of the search he and three
other adult persons were present. He introduced other
evidence tending to show that the liquor had been

brought into the house by another person the day before the search without his knowledge. On these facts, the court affirmed the conviction, stating that the jury was not compelled to accept the evidence of the witnesses for the defendant.

We have examined the authorities relied on by appellant and conclude that they are not in conflict with the views above stated. Hansbrough v. State, 209 Miss. 625, 48 So. 2d 120, where a conviction was reversed, was an instance where the whiskey was found in a room adjoining the place of business of appellant, which room was rented to another person, who occupied it as his living quarters. This person testified in the case and took full responsibility for the ownership and possession of the whiskey. In City of Jackson v. Gordon, supra, it was held that an accused must "knowingly" have possession or control of liquor before he is guilty of the crime of possession. It was an instance where the jury had acquitted the accused on evidence submitted that the liquor in question had been left in his pressing shop by a customer and that the accused did not own the liquor nor have knowledge of the fact that it was in the shop. Sellers v. City of Picayune, 202 Miss. 741, 32 So. 2d 450, was a case in which whiskey was found in a cabinet in the cafe of the accused. It was shown that the cabinet was at a point where numerous employees in the cafe had access to it, that the cafe was open day and night, and that the employees frequently went to the cabinet to get their personal belongings. The accused testified that he did not own the liquor and did not know that it was in the cabinet. In Revette v. State, 209 Miss. 860, 48 So. 2d 511, whiskey was found about 250 yards from the home of the accused and on land belonging to another. There was a path from a point on the lands of the accused to the pasture where the whiskey was found, but it did not terminate at that point, and it was shown that numerous persons had access to the pasture. Bay-

liss v. State, 209 Miss. 335, 46 So. 2d 796, was a case where the accused was merely present in the house where the whiskey was found and it did not appear that he owned the house. The accused gave a reasonable explanation of his presence in the house. Another person testified that it was his whiskey and that the accused had no interest in it. These brief comments on the salient facts of the above cases relied on by appellant will serve to indicate in short the reasons why they do not apply here.

When intoxicating liquor is found on search of the residence of an accused who is the head of the family residing in the home, a prima facie presumption of possession by him arises, as stated in the Williamson case, whereby the issue of guilt or innocence is for the jury, in the absence of any explanation by the accused other than a general statement that it is not his whiskey, that he knows nothing about it, and that he did not place it in his home, which was the substance of the testimony in defense in this case. Each case of this character must be decided according to the particular facts and circumstances, which are never quite the same. We have concluded that the evidence in defense is not, under the circumstances of this case, sufficient to warrant a reversal. But this decision is not to be construed as a modification of the doctrine of the Hansbrough case and other similar cases cited by appellant.

Appellant also assigns as error the admission of the evidence resulting from the search of the premises upon the claim that there is a fatal variance between the affidavit and the search warrant in the description of the place to be searched. Reliance is placed upon Morton v. State, 136 Miss. 284, 101 So. 379, and Crosby v. State, 144 Miss. 401, 110 So. 123. In the first case, it appears that the affidavit described the place as "a building occupied by" the accused at a certain location. The search warrant commanded the officers to search "the

outhouse designated in the affidavit''. There was no outhouse designated in the affidavit. In the second case, the affidavit did not include in the description the tenant house and smokehouse of the accused. The liquor was found in the smokehouse, which was described in the search warrant. Another case along the same line is Stephens v. State, 183 Miss. 829, 184 So. 327, where the affidavit described ''the dwelling house, outhouses'', etc., at a certain location, but the search warrant included the following language not contained in the affidavit: ''Store or place operated by'' the accused. It was pointed out in the opinion that there was nothing in the affidavit pointing directly or indirectly to a storehouse as the place to be searched. In all of these cases, the search warrant was held to be void because of the material variance between the description of the place in the affidavit and in the search warrant.

In the case at bar the facts on this part of the case are as follows: The affidavit described ''the residence, outhouses, barns,'' etc., of appellant on certain described land and also referred to the place to be searched as ''dwelling, outhouses, and barn'', of appellant on said land. The search warrant, in reciting the place to be searched as described in the affidavit, stated ''in the residence, outhouses, barns'' etc. of appellant at the designated location and also ''dwellings and outhouses and barn'' of appellant at said location. The search warrant then commanded that the officer executing the same shall ''search said above described places, or any of them''. It will be noted that the claimed variance is that the affidavit refers to ''residence'' or ''dwelling'' whereas the search warrant refers to ''residence'' or ''dwellings''. The testimony in the case presented in the absence of the jury on the matter of the validity of the search warrant shows that the officer making the search had no trouble in finding the place, and that he could have found it by use of the search warrant if he

had not known where appellant lived. He testified in one instance that he had searched two dwellings on appellant's property, and in another instance that he searched one dwelling and also looked in "the old yard house" or "the old store building".

It has been stated that "any description in the affidavit for a search warrant and in the search warrant issued thereon, that points with reasonable certainty to the premises to be searched, is sufficient. Any description of the place or thing to be searched that will enable the officer making the search with reasonable certainty to locate such place or thing is sufficient." Borders v. State, 138 Miss. 788, 104 So. 145. To the same effect, see Cangelosi v. State, 172 Miss. 252, 159 So. 846, and Serio v. City of Brookhaven, 208 Miss. 620, 45 So. 2d 257.

Although a search warrant is void if it attempts to describe a place to be searched which is not described in the affidavit for the search warrant, as pointed out in the cases relied on by appellant, yet it does not follow that there must be an exact uniformity between the two instruments. The rule is based upon the necessity of having the affidavit designate the place to be searched as a basis for issuance of the warrant. It must not be carried to the technical limit, ignoring the proposition that the purpose of the affidavit and of the search warrant is to point out with reasonable certainty the premises to be searched. We conclude that on this record the fact that the search warrant referred in one place to "dwellings" does not invalidate it, although the affidavit used the term in the singular. The residence actually occupied by the appellant was searched and the liquor was therein found. The fact that the search warrant attempted to authorize also the search of some other residence located on the land owned by appellant does not invalidate the search.

Appellant also contends that his motion made at the beginning of the trial in the circuit court for his appeal from the justice of the peace court to be dismissed should have been sustained. There is no merit in this contention. Bank v. State, 106 Miss. 824, 64 So. 734; Thigpen v. State, 206 Miss. 87, 39 So. 2d 768.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes,* and *Arrington, JJ.,* concur.