229 So.2d 582 (1969)
Thomas L. PARHAM
v.
STATE of Mississippi.
No. 45650
Supreme Court of Mississippi.
December 22, 1969.
*583 Roy O. Parker, Tupelo, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., and Wade H. Creekmore, Jr., and James Creekmore, Sp. Asst. Attys. Gen., Jackson, for appellee.
RODGERS, Justice.
The appellant was tried on an information lodged with the Justice of the Peace of the First District of Lee County, Mississippi, charging him with the crime of unlawfully driving an automobile on U.S. Highway 45 in Lee County, Mississippi, in violation of Section 8174, Mississippi Code 1942 Annotated (1956). He was found guilty and sentenced to serve thirty (30) days in jail and to pay $220 fine. He appealed from the judgment of the Justice of the Peace Court to the Circuit Court of Lee County.
When appellant's case was called in the circuit court, appellant, Thomas L. Parham, requested the court to appoint an attorney to represent him upon the ground that he was an indigent and could not employ counsel. The court appointed counsel for the defendant. The attorney promptly summoned witnesses for the defendant to appear on the day set for trial; vis: May 29, 1968. On the trial day defendant filed a motion requesting a continuance upon the ground that one Bonnie Hallmark was a witness for the defendant; that she had not been served with process, but upon inquiry, attorney for the defendant could not say that the witness was within the jurisdiction of the court. This motion was overruled.
The appellant then requested the court to dismiss his appeal and to return it to the Justice of the Peace Court by a writ of procedendo. The trial court overruled this motion and the case was tried before a jury that returned a verdict of guilty.
The appellant has appealed to this Court and contends on appeal that (1) the defendant was an indigent and that the court did not appoint adequate counsel to represent the defendant; (2) that the trial court committed reversible error in failing to permit the defendant to have his case returned to the Justice of the Peace Court by a writ of procedendo; (3) the court erred in refusing to permit a continuance of the case.
We have carefully examined the transcript of the record, the authorities cited by the attorneys for appellant and the State of Mississippi, and we are of the opinion that the judgment and sentence of the trial court should be affirmed.
In the first place, the testimony in the record shows the defendant's guilt beyond a reasonable doubt.
In the second place, there is no reversible error shown in the record. The contention of the appellant that he was not adequately represented is refuted by the record which shows that the attorney acted promptly to have the witnesses summoned. He filed various motions, vigorously cross examined state witnesses, prepared instructions and argued the case before the jury.
The United States Supreme Court said in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527 (1932), that appointed counsel is required to provide active and zealous representation rather than engage in a pro forma exercise which is not according legal representation in any substantial sense. (287 U.S. at 58, 53 S.Ct. 55).
The rule in Powell, however, does not mean that the method of procedure used by one attorney is to be judged by the "hindsight and method another attorney might have used" under similar circumstances. Nor is "inadequacy of counsel" to be determined by whether or not the case was won or lost. It does mean representation so lacking in competence that it becomes apparent or should be apparent that it is the duty of the trial judge to correct it so as to prevent a mockery of justice. Commonwealth ex rel. Crosby v. Rundle, 415 Pa. 81, 202 A.2d 299 (1964); Williams v. Beto, 354 F.2d 698 (5th Cir.1965); 24 *584 A.L.R. 1025 (1923); 74 A.L.R.2d 1390 (1960).
The argument that the circuit court is required to dismiss an appeal from the Justice of the Peace Court upon the request of the defendant has been refuted in at least two cases from this Court: Thigpen v. State, 206 Miss. 87, 39 So.2d 768 (1949); Peeples v. State, 216 Miss. 790, 63 So.2d 236 (1953).
In Thigpen this Court said:
"The only other question necessary for a decision in this case is whether or not the Court erred on overruling the motion to dismiss the appeal with procedendo. This question has been set at rest in this State by the decision in Bang v. State, 106 Miss. 824, 64 So. 734. It was there decided that one appealing a conviction from the Justice of the Peace court to the Circuit Court stands there for trial de novo as defendant and he occupies in that court the same attitude of a defendant as he did in the court of the Justice of the Peace and as such is impotent to dismiss the case. He had no more right to dismiss the appeal in the Circuit Court than he had to enter a nolle prosequi in the court of the Justice of the Peace. No defendant charged with a crime for the commission of which he is upon trial has a right to dismiss the case from the docket. He was on trial for the crime charged against him. His case was being disposed of as other and like cases in that court. The lower court was correct in overruling the motion to dismiss the appeal with procedendo." (39 So.2d at 769-770).
Lastly, it is argued that the trial judge was in error in failing to grant a continuance to obtain process upon an alleged witness who, defendant claimed, would testify that defendant was not driving the automobile at the place and time charged in the information.
This argument is not well taken because there was nothing in the motion to show the whereabouts of the witness; nor was there any showing that the witness would likely be available at any future time. Ellis v. State, 198 Miss. 804, 23 So.2d 688 (1945); 12 Am.Jur., Continuances, § 27, page 469 (1938).
The issue as to whether or not a continuance should be allowed is largely within the sound discretion of the trial judge (Section 1520, Mississippi Code 1942 Annotated [1956]) and this Court will not reverse a case because of the refusal of the court to grant a continuance unless it appears that the judge has abused his discretion. King v. State, 251 Miss. 161, 168 So.2d 637 (1964); Webster v. State, 194 Miss. 381, 12 So.2d 533 (1943); 12 Am.Jur., Continuances, § 5, page 450 (1938). Moreover, unless this Court is satisfied that an injustice was done by the refusal to continue the case, we will not reverse the judgment for retrial. Parker v. State, 201 Miss. 579, 29 So.2d 910 (1947).
We hold, therefore, that the judgment and sentence against Thomas L. Parham is hereby affirmed.
Affirmed.
GILLESPIE, P.J., and BRADY, PATTERSON and SMITH, JJ., concur.