GRIFFIS, P.J.,
 

 for the Court:
 

 ¶ 1. Kenneth L. Jackson was convicted of Count I — possession of marijuana with the intent to distribute within 1,500 feet of a public park under Mississippi Code Annotated section 41-29-139 (Rev.2009), Count II — conspiracy to distribute marijuana under Mississippi Code Annotated sections 97-1-1 (Supp.2010) and 41-29-139, and Count III — possession of a firearm by a convicted felon under Mississippi Code Annotated section 97-37-5 (Supp. 2010). On appeal, he claims: (1) the search warrant for his home was issued without sufficient underlying facts; (2) he received ineffective assistance of counsel; and (3) there was insufficient evidence presented to sustain his conviction for conspiracy. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On September 17, 2008, Corey Co-wart was stopped by the Mississippi Bureau of Narcotics for a traffic violation in McComb, Mississippi. Marijuana was discovered, and Cowart told the officers that he had purchased the marijuana from a man with a ponytail named “Turk” at a certain address. Cowart led the officers to the address, and the officers observed the man with the ponytail in the yard.
 

 ¶ 3. The officers obtained a search warrant for the home. They found marijuana, a pistol, scales, and small plastic bags inside the home. Jackson and his wife, Ursula Wells, were arrested and charged with possession of marijuana with the intent to distribute and conspiracy to distribute marijuana. Jackson, who had a prior conviction for the sale of cocaine, was charged with possession of a firearm by a convicted felon.
 

 ¶4. Jackson and Wells moved to suppress the evidence seized from the home. They claimed that the allegations contained in the officer’s statement of underlying facts and circumstances did not constitute sufficient probable cause to issue the search warrant. The circuit court held a hearing on the motion to suppress.
 

 ¶ 5. Officer Billy Ray Warner testified that the following information led the officers to the home:
 

 [We h]ad seized an amount of marijuana from a subject, Mr. Corey Cowart, during a traffic stop. During interviewing Mr. Cowart, he advised he wished to cooperate and agreed to show us the location of where he had purchased the marijuana. [Cowart g]ot in the back seat of my vehicle, and he directed us to the residence at 304 East Georgia Avenue in McComb, Pike County, Mississippi. [Cowart sjtated he had purchased the marijuana for $30 from a light-skinned, black male subject that he knew by the name of Turk. He said Turk was wearing a white t-shirt and had a ponytail. And as we approached the residence, we did see and observe several subjects in the back yard of the residence, one of which was wearing a white t-shirt and did have kind of like a braided ponytail matching the description that had been provided by Mr. Co-wart.
 

 ¶ 6. Based on this corroboration of Co-wart’s statement, Officer Warner obtained a search warrant to search the home for controlled substances. The officers found a total of 735.7 grams of marijuana in approximately twelve exhibits throughout the home — some in shoe boxes, drawers, closets, kitchen cabinets, under a mattress, on a dresser, in the kitchen, and on an end table in the living room.
 

 
 *1179
 
 ¶ 7. Officer Warner testified that the man in the white t-shirt with a ponytail who Cowart had identified as Turk was not at the house when the officers returned to execute the search. However, during the search, Jackson identified himself as Turk. Jackson admitted that he and his wife owned the house and that the marijuana belonged to him.
 

 ¶ 8. Jackson and Wells argued that Co-wart was an unreliable witness because he had cooperated with the officers to avoid prosecution for his possession of marijuana. They further claimed that the confusion over who used the name Turk made the underlying facts insufficient to support the search warrant. The circuit court disagreed and found that the judge who had issued the warrant had a substantial basis to do so. The motion to suppress was denied.
 

 ¶ 9. Jackson and Wells proceeded to trial. The officers who had conducted the search testified for the State. The evidence seized during the search was also presented to the jury. Wells decided to testify on her own behalf. She stated that she worked long hours and had no knowledge of any marijuana in her home. In closing arguments, her counsel said that she should be labeled as a victim and not as a defendant in this case. Jackson chose not to testify.
 

 ¶ 10. The jury found Jackson and Wells guilty. Jackson was sentenced to thirty-five years in the custody of the Mississippi Department of Corrections (MDOC) on Count I, with twenty years to serve and fifteen years suspended with five years of post-release supervision. He was further ordered to serve ten years on Count II and ten years on Count III. All sentences were ordered to run concurrently. Jackson was also ordered to pay a $10,000 fine and $300 in restitution to the Mississippi Bureau of Narcotics.
 

 ANALYSIS
 

 1. Whether the search warrant was supported by sufficient underlying facts.
 

 ¶ 11. Jackson claims that the circuit court improperly denied his motion to suppress the evidence obtained during the search of his home. Specifically, he claims there was no proof that the man with the ponytail obtained the marijuana from the home. He also claims that Cowart, as a confidential informant, was so untrustworthy that the issuing judge had no credible evidence to support the search warrant.
 

 ¶ 12. “The admissibility of evidence rests within the discretion of the trial court, and reversal is appropriate only when a trial court commits an abuse of discretion resulting in prejudice to the accused.”
 
 Ross v. State,
 
 954 So.2d 968, 992 (¶ 44) (Miss.2007) (citation omitted). “In determining whether the issuance of a search warrant is proper, an appellate court will review the trial judge’s decision to determine whether there was a substantial basis for concluding that probable cause existed. The reviewing court will overturn the trial eourt[’s decision] if there is an absence of substantial credible evidence to support the issuance of the search warrant.”
 
 Culp v. State,
 
 933 So.2d 264, 271 (¶ 10) (Miss.2005) (citations omitted).
 

 ¶ 13. The statement of underlying facts and circumstances submitted by Officer Warner included the following:
 

 On 09-17-2008, at approximately 1630 hours, Agent Billy Ray Warner and Agent Conner Magee conducted a traffic stop of a vehicle driven by a subject identified as Corey Cowart. During continuation of the traffic stop, Agent Warner located in Cowart’s left front pants pocket a plastic bag containing approximately 25 grams of alleged mari
 
 *1180
 
 juana. Cowart indicated that he wished to cooperate with Agent Warner, and identified the source of the marijuana as a black male, known to Cowart as “Turk.” Cowart described “Turk” as a light-skinned black male, approximately 6'1", 150 pounds, wearing a white T-shirt and having a pony-tail. Cowart further advised that he would direct Agent Warner to the location where the marijuana was purchased. Cowart directed Agent Warner to a yellow wood-frame residence with white trim on the south side of Georgia Avenue, (304 East Georgia Avenue) McComb, Pike County, MS. Upon arriving near the residence, Co-wart advised Agent Warner that Cowart had made contact with “Turk” in the yard of the residence and then proceeded into the doorway and entered the residence where Cowart purchased the alleged marijuana from “Turk” for $30.00. As Agent Warner, Agent Ma-gee, and Cowart approached the residence, [a] gents observed a slender light-skinned black male subject wearing a white T-shirt and having and pony-tail standing in the yard of the residence, matching the description of “Turk” provided by Cowart.
 

 ¶ 14. Officers Warner and Conner Ma-gee testified at the suppression hearing. Officer Warner stated that Cowart was not a confidential informant as Jackson argues. While, it is true that he chose to cooperate with the officers because he was in possession of marijuana, the officers corroborated his statement by driving to the home and observing several people in the yard, including a man wearing a white t-shirt with a ponytail. Cowart’s identity was disclosed, and the officers had no reason to doubt his statement, which they had corroborated by their observation of the home.
 

 ¶ 15. The circuit judge examined the search warrant, the affidavit for the search warrant, the statement of underlying facts and circumstances, and the testimonies of the officers. He concluded that the issuing judge had a substantial basis to find probable cause existed. “Probable cause exists when facts and circumstances within an officer’s knowledge, or of which he has reasonably trustworthy information, are sufficient within themselves to justify a man of average caution in the belief that a crime has been committed and that a particular person committed it.”
 
 Bailey v. State,
 
 981 So.2d 972, 975-76 (¶ 11) (Miss.Ct.App.2007) (citation omitted). The circuit judge found that Cowart was not a confidential informant, and even so, his statements were corroborated by the marijuana he possessed, his identification of the location where he had purchased it, and his identification of the vendor.
 

 ¶ 16. On appeal, Jackson emphasizes the confusion over who used the street name “Turk.” However, the fact that the officers later learned that Jackson identified himself as Turk did nothing to refute Cowart’s exact description of the man who had sold him the marijuana, and who the officers saw standing in the yard of Jackson’s home.
 

 ¶ 17. We find that Cowart’s statement, along with the officers’ corroborations provided a substantial basis for the issuing judge to find the necessary probable cause for the search warrant. The circuit judge did not abuse his discretion by denying the motion to suppress. Therefore, this issue is without merit.
 

 2. Whether Jackson received ineffective assistance of counsel.
 

 ¶ 18. Jackson claims that his trial counsel was ineffective because he “offered no resistance to several instances of highly
 
 *1181
 
 prejudicial evidence.” Specifically, he contends that counsel improperly (1) failed to move for a mistrial after a hearsay statement was made to the jury before his objection was entered, (2) allowed an officer to testify that the scales and plastic bags found in the home were used to distribute the marijuana, (3) failed to stipulate that Jackson was a convicted felon to prevent the State from entering his prior sentencing order for the sale of cocaine, (4) failed to object to testimony that several individuals found at the home were arrested on unrelated outstanding warrants, and (5) made no attempt to sever the cases against Jackson and his wife.
 

 ¶ 19. To prove ineffective assistance of counsel, Jackson must show that: (1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with Jackson to show both prongs.
 
 McQuarter v. State,
 
 574 So.2d 685, 687 (Miss.1990). Under
 
 Strickland,
 
 there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance.
 
 Strickland,
 
 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, “[t]he defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Id.
 
 at 694, 104 S.Ct. 2052.
 

 ¶ 20. Furthermore, the merits of a claim of ineffective assistance of counsel brought on direct appeal should be addressed only when “(1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.”
 
 Colenburg v. State,
 
 735 So.2d 1099, 1101 (¶5) (Miss.Ct.App.1999). The supreme court has held:
 

 The question presented ... is not whether trial counsel was or was not ineffective but whether the trial judge, as a matter of law, had a duty to declare a mistrial or to order a new trial, sua sponte on the basis of trial counsel’s performance. “Inadequacy of counsel” refers to representation that is so lacking in competence that the trial judge has the duty to correct it so as to prevent a mockery of justice.
 
 Parham v. State,
 
 229 So.2d 582, 583 (Miss.1969).
 

 Id.
 
 at 1102 (¶8). If this Court does not reverse on other grounds and is unable to conclude that the defendant received ineffective assistance of counsel, it should affirm “without prejudice to the defendant’s right to raise the ineffective assistance of counsel issue via appropriate post-conviction proceedings.”
 
 Id.
 
 at 1101 (¶ 5). Review on direct appeal of an ineffective-assistance-of-eounsel claim is confined strictly to the record.
 
 Id.
 
 at 1102 (¶6).
 

 ¶21. Jackson alleges several instances in which his counsel provided deficient representation. Yet Jackson faces a great burden to prove that such deficiencies warranted that the circuit judge declare a mistrial sua sponte. Further, our review of the record reveals that we have no reason to second guess counsel’s trial strategy.
 

 ¶ 22. As this Court held in
 
 Hancock v. State,
 
 964 So.2d 1167, 1175 (¶ 18) (Miss.Ct.App.2007):
 

 a strong presumption exists “that the attorney’s conduct fell within the wide range of reasonable professional assistance.”
 
 Carr v. State,
 
 873 So.2d 991 (¶ 27) (Miss.2004). “[Counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy” and will not
 
 *1182
 
 stand as support for an ineffective assistance of counsel claim.
 
 Id.
 
 (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)).
 

 ¶ 23. We find no obvious deficiencies that imposed a duty upon the circuit court to declare a mistrial. As such, we deny relief on this issue without prejudice so that Jackson may, if he desires to do so, present a claim of ineffective assistance of counsel in a motion for post-conviction collateral relief.
 

 3. Whether there was sufficient evidence to support Jackson’s conviction of conspiracy.
 

 ¶ 24. Jackson also argues that there was insufficient evidence to find him guilty of conspiracy to sell marijuana with either his wife or other unknown persons. He states that there is no proof, direct or circumstantial, that he entered into a common plan to distribute marijuana.
 

 ¶ 25. When reviewing the denial of motion for a directed verdict on an objection to the legal sufficiency of the evidence, we examine the evidence in a light most favorable to the State to determine whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted).
 

 ¶ 26. Mississippi Code Annotated section 97-1-1 defines conspiracy, stating:
 

 (1) If two (2) or more persons conspire either:
 

 (a) To commit a crime; or
 

 [[Image here]]
 

 (h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means; such persons, and each of them, shall be guilty of a felony and upon conviction may be punished by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than five (5) years, or by both.
 

 “The crime of conspiracy is complete upon formation of the agreement. The agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts and conduct of the alleged conspirators.”
 
 Vickers v. State,
 
 994 So.2d 200, 212 (¶ 39) (Miss.Ct.App.2008) (citation and quotation omitted). “Furthermore, the existence of a conspiracy, and a defendant’s membership in it, may be proved entirely by circumstantial evidence.”
 
 Neal v. State,
 
 806 So.2d 1151, 1157 (¶ 14) (Miss.Ct.App.2002) (citation omitted).
 

 ¶ 27. While there was no evidence of an express agreement to sell marijuana, we find sufficient circumstantial evidence for a reasonable juror to find the elements of conspiracy beyond a reasonable doubt. The State presented evidence that Jackson and Wells lived in the home together. The officers were told that Cowart had purchased marijuana just inside the doorway of the home. A large quantity of marijuana was found in multiple locations throughout the home, including dresser drawers, closets, under mattresses, and in the kitchen. The officers testified that the home smelled strongly of marijuana. The officers found digital scales and packaging material along with the marijuana. Lastly, Jackson admitted to the officers that the marijuana belonged to him.
 

 ¶ 28. This evidence, considered in the light most favorable to the State, was legally sufficient. Accordingly, this issue has no merit.
 

 ¶ 29. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF COUNT I, POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE WITHIN 1,500
 
 *1183
 
 FEET OF A PUBLIC PARK, AND SENTENCE OF THIRTY-FIVE YEARS, WITH TWENTY YEARS TO SERVE, FIFTEEN YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION; COUNT II, CONSPIRACY TO DISTRIBUTE MARIJUANA, AND SENTENCE OF TEN YEARS; AND COUNT III, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF TEN YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES TO RUN CONCURRENTLY, AND TO PAY A $10,000 FINE AND $300 IN RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
 

 LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.