# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00669-COA

**GYRONE MARCELL MCSWAIN A/K/A**                    **APPELLANT**
**GYRONE MCSWAIN**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/05/2013 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCED TO SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED FOR POST-RELEASE SUPERVISION, AND ORDERED TO PAY A $2,500 FINE AND $550 IN RESTITUTION |
| DISPOSITION: | AFFIRMED - 10/28/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1. A Forrest County jury convicted Gyrone Marcell McSwain of possession of a controlled substance. The circuit court sentenced him to sixteen years in the custody of the Mississippi Department of Corrections, with twelve years to serve and four years suspended

for post-release supervision. McSwain appeals.

¶2. His appellate counsel filed a *Lindsey*[1] brief, certifying that he believes that there was no error at the trial stage. McSwain filed a pro se supplemental brief, alleging that: (1) the search of his house was illegal; (2) he received ineffective assistance of counsel; and (3) various instances of misconduct occurred during the trial. Finding no error, we affirm McSwain's conviction and sentence.

FACTS

¶3. On December 8, 2011, officers with the Hattiesburg Police Department executed a search warrant for a residence located at 405 East Fifth Street in Hattiesburg, Mississippi. A few days earlier, officers had made a "controlled buy" of crack cocaine at the same address from Tyrone McSwain, McSwain's's fraternal twin brother, giving them probable cause to obtain the search warrant. When officers arrived to execute the warrant, they identified McSwain leaving the residence, heading toward his car. An officer detained McSwain, while others searched and secured the residence.

¶4. Police found two pistols above the door frame of a bedroom that contained items connecting McSwain to the bedroom. In the bedroom, police found mail addressed to McSwain. They also found a picture of McSwain affixed to the mirror of the dresser in the bedroom. On the same dresser, they found what they believed to be crack cocaine. In the bedroom closet, police found one bag of a substance that appeared to be crack cocaine, a

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

scale, and a cologne box containing $4,800 in cash. The Mississippi Crime Lab performed a forensic analysis of the substance found in the bedroom, and the substance tested positive for cocaine. Mail addressed to Tyrone and other narcotics were found elsewhere in the house. Tyrone appeared at the residence during the search and was also arrested.

¶5. McSwain was indicted for one count of possession of a controlled substance with the intent to distribute, with a firearm enhancement under Mississippi Code Annotated section 41-29-139 (Supp. 2014). During the trial, while testifying in his defense, McSwain admitted living at 405 East Fifth Street with his brother, Tyrone, and a nephew and having keys to the house. However, McSwain maintained that the drugs found in the bedroom were not his. After his trial, a jury convicted McSwain of possession of a controlled substance. The circuit court sentenced McSwain to sixteen years in the custody of the Mississippi Department of Corrections, with twelve to serve and the remaining four years suspended for post-release supervision, leading to this appeal.

## DISCUSSION

¶6. Pursuant to *Lindsey*, 939 So. 2d at 746 (¶18), whenever appellate counsel determines that his client has no meritorious appeal, counsel must:

> (1) file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4),(7);
>
> (2) certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether

3

admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

(3) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.

(Internal citations omitted). Upon receipt of a *Lindsey* brief, an appellate court should require supplemental briefing of appellate counsel if the defendant files a brief raising an arguable issue, or if the appellate court, in its review of the record, discovers an arguable issue. *Id.*

¶7. In this case, McSwain's counsel has filed a brief indicating that he thoroughly scoured the record and found no arguable issues to support McSwain's appeal. Counsel specifically asserts that he considered and reviewed: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violation of McSwain's right to counsel; (c) the entire trial transcript and content of the record; (d) all rulings of the trial court; specifically, the rulings on various defense counsel objections, including, but not limited to, objections made by defense counsel that were properly sustained; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; (h) possible misrepresentation of the law in sentencing; (i) the indictment and all pleadings in the record; (j) any possible ineffective-assistance-of-counsel issues and any other possible reviewable issues; (k) whether the verdict was supported by the overwhelming weight of the evidence; (l) whether trial counsel's failure to file post-trial motions prejudiced McSwain; and (m) any Fourth Amendment violation stemming from the search warrant. Counsel further confirms

4

that McSwain was advised of his right to file a pro se brief. McSwain has done so.

¶8. In his brief, McSwain asserts: (1) the search was illegal; (2) he received ineffective assistance of counsel; and (3) there were instances of misconduct during the trial. After a thorough review of the record, we have found no arguable issue. However, for the sake of thoroughness, we briefly address the issues raised by McSwain.

*I. Illegal Search*

¶9. McSwain complains that his brother Tyrone's name was listed in the search warrant, and not his. The warrant specifically authorized a search of 405 East Fifth Street and recited that the premises were controlled and occupied by Tyrone and unknown occupants. Given that McSwain admitted that he resided at the same residence as Tyrone, we find any argument regarding an illegal search and illegally seized evidence as a result of the search, unpersuasive. We note that McSwain does not claim a lack of probable cause to invalidate the warrant; however, he does claim that the officers proceeded to search the residence without having the warrant in their possession. Agent Kendrick Short testified that he did not execute the search of the house until after the search warrant had been signed. In addition, Officer Jason Reed testified that he saw the search warrant prior to going to the residence. While the record is not entirely clear as to whether the officers had the search warrant in their possession when they went to the house to execute the search, it is clear that they had obtained the search warrant before executing the search. Since the police officers had a valid search warrant, whether in their possession or not at the time of the search, the search was legal. *See Williams v. State*, 583 So. 2d 620, 624-25 (Miss. 1991) (holding that

5

the failure to hand a copy of the search warrant to one of the codefendants does not require reversal). This issue is without merit.

## II. Ineffective Assistance of Counsel

¶10. On direct appeal, McSwain asserts an ineffective-assistance-of-counsel claim. It is well settled that

> the merits of a claim of ineffective assistance of counsel brought on direct appeal should be addressed only when (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.

*Jackson v. State*, 73 So. 3d 1176, 1181 (¶20) (Miss. Ct. App. 2011). After a thorough review of the record, we find that it does not affirmatively show ineffectiveness of counsel. The parties have not stipulated that the record is adequate, and we cannot determine that findings of fact by the trial judge are not needed for us to consider the issue. *See Read v. State*, 430 So. 2d 832, 841 (Miss. 1983). Consequently, we deny relief on this issue without prejudice so that McSwain may, if he desires to do so, raise his claim in a motion for post-conviction relief.

## III. Misconduct

¶11. McSwain alleges that prosecutorial misconduct occurred throughout the trial. He argues that the prosecutor attempted to "locate a juror that [had] a problem with the D.A.'s case, in order to eliminate [the juror]. He [was] focusing on black potential jurors." Specifically, McSwain takes issue with the following monologue from Denton: "I need to know if there[']s anyone here who believes or thinks that in a drug case if the State cannot

6

show that Mr. McSwain was holding the drugs, then he wasn't in possession of [them]?" After reviewing the record, we do not find anything inappropriate during the entire voir dire process. "Our law allows an attorney for either side to probe the prejudices of the prospective jurors to the end that all will understand the jurors' thoughts on matters directly related to the issues to be tried." *West v. State*, 553 So. 2d 8, 22 (Miss. 1989). McSwain fails to show this court how the prosecutor's conduct during voir dire amounted to prosecutorial misconduct.

¶12.     McSwain further alleges that the prosecutor misled the jurors with his word choice during the trial, specifically during his opening and closing statements. McSwain takes issue with the prosecutor's story about a dog that was left in a room and later feathers from pillows were found everywhere, insinuating that this case had similar circumstantial evidence. "The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." *Sheppard v. State*, 777 So. 2d 659, 661 (¶7) (Miss. 2000) (citing *Ormond v. State*, 599 So. 2d 951, 961 (Miss. 1992)). Our jurisprudence has held that attorneys are allowed wide latitude in closing arguments. *See Holly v. State*, 716 So. 2d 979, 988 (¶33) (Miss. 1998); *see also Wilcher v. State*, 697 So. 2d 1087, 1110 (Miss. 1997). In addition, the "court should . . . be very careful in limiting free play of ideas, imagery, and personalities of counsel in their argument to [a] jury." *Ahmad v. State*, 603 So. 2d 843, 846 (Miss. 1992). Any alleged improper comment must be viewed in context, taking

7

the circumstances of the case into consideration. *Id.* Here, after reviewing the transcript, we do not find that the statements made by the prosecutor were improper and led to a prejudicial outcome.

¶13. Finally, McSwain argues that further misconduct occurred as a result of how the circuit court handled the jury when it asked a question about the verdict. Specifically, McSwain states that "[the court] never told the jury that if there's reasonable doubt[, return] a not-guilty verdict." The record indicates that the jury requested clarification and asked: "[H]ow do we write the verdict if we can't agree?" According to the transcript, the circuit court responded, "Please refer to the instructions. The verdict must be unanimous." McSwain fails to show how the response to the jury was inadequate or prejudicial. Therefore, we find this argument to be without merit.

¶14. **THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FOUR YEARS SUSPENDED FOR POST-RELEASE SUPERVISION, AND ORDER TO PAY A $2,500 FINE AND $550 IN RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**