## PIER BANG *v.* STATE.

[64 South. 734.]

JUSTICE OF THE PEACE. *Appeal. Right to dismiss. Code* 1906, *section* 87.
   Under Code 1906, section 87 providing for appeals from a justice
   of the peace court to the circuit court and that on such an appeal
   the case shall be tried anew, a defendant convicted of a criminal
   charge in the justice of the peace court who appeals his case
   to the circuit court cannot dismiss his appeal in that court after
   the state has introduced its evidence.

APPEAL from the circuit court of Harrison county.
HON. T. H. BARRETT, Judge.

Pier Bank was convicted of selling intoxicating liquors
and appeals.

The facts are fully stated in the opinion of the court.

*Mize & Mize,* for appellant.

We think that the appellant has a right to dismiss his
appeal any time before a verdict by the jury or before
the jury retired.

2 Ency. Pleading and Practice, p. 51, lays down the
following rule, and we think it decisive of our conten-
tion: "It is the general rule that the appellant may have
his own appeal dismissed at any time while the cause
remains within the jurisdiction of the appellate court."

There is no difference between a civil case and a crim-
inal case in this respect. In civil cases it is not disputed
but that the appellant would have the right to dismiss
his appeal where there was no counter claim by the ap-
pellee.

See, also, the following cases which we think in point:
*Wartelski* v. *State,* 44 S. W. 510; *State* v. *Read,* 105 S. W.
601; *Rivera* v. *State,* 105 S. W. 193; *Lee* v. *State.* 124 Pac.
1132.

We think the state had no right to compel appellant to continue with the trial when he moved the court to dismiss his appeal and elected to take the judgment of the lower court. Hence, we submit that the court improperly overruled appellant's motion for a new trial and that this case, for these errors, should be reversed.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

Counsel for appellant contends in his brief that appellant's motion to dismiss his appeal, after evidence for the state had been heard should have been granted. To support this contention numerous cases are cited. All the witnesses for the state had been introduced and the state had rested its case. To adopt this view of the law would mean that the state, in many cases would be put to a useless expense and waste of time. A person convicted of crime in the justice's court could appeal to the circuit court and if the state made out a good case there, and if all of the state's witnesses were present, he could get his case dismissed and take the lighter sentence imposed by the justices' court. If, however, the state's witnesses happened to be absent or if the state did not make out as strong a case against the defendant as it did in the lower court he would then proceed with the trial. We respectfully submit that this imposes an unjust burden on the state.

Counsel for appellant cites numerous cases from other states, which I will briefly allude to. In the case of *State v. Read,* 105 S. W. 601, an appeal was carried to the supreme court of Missouri. After case was briefed appellant filed a formal dismissal of his case. In the case of *Rivera* v. *State,* 105 S. W. 193, an *ex parte* affidavit was filed asking the court to dismiss the appeal. This appeal was dismissed by the supreme court of Texas. In the case of *Lee* v. *State,* 124 Pac. 1132, the motion to dismiss was filed in the supreme court.

In the present case a simple motion was made to dismiss after all of the state evidence had been produced. We submit that it was not the intention of section 87 of the Code of 1906, for appellant to dismiss his appeal at will. In reference to an appeal to the circuit court this section reads as follows: "On his appearance in the circuit court the case shall be tried anew and disposed of as other cases pending therein." 2 Enc. of Pl. & Pr., p. 51, is as follows: "An intermediate appellate court cannot dismiss an appeal arbitrarily and without cause."

We submit that the cause for a dismissal should be shown by appellant and the trial court was not authorized in dismissing the case arbitrarily and unless cause for so doing was shown by appellant.

It is manifest from the record that appellant is guilty of the crime charged against him, and he cannot complain that the sentence is excessive.

We respectfully submit that the case should be affirmed.

Reed, J., delivered the opinion of the court.

Appellant was convicted in a justice of the peace court for the offense of unlawfully selling intoxicating liquors, and fined one hundred and fifty dollars. He appealed to the circuit court, and was there convicted and sentenced to pay a fine of five hundred dollars and to be imprisoned for a term of three months in the county jail.

On the trial in the circuit court, when the state had introduced all of its testimony and rested, appellant moved the court for permission to dismiss his appeal. The motion was overruled. This action of the court is assigned as error. By statute (section 87 of Code of 1906) a person convicted of a criminal charge in the justice of the peace court can appeal his case to the circuit court. It is provided in the statute that "on his appearance in the circuit court the case shall be tried anew and disposed of as other cases pending therein." It will be seen that the case is brought into the circuit court by

appeal from the judgment of the justice of the peace court. When it reaches the circuit court, it is there for trial anew, and disposition just as other cases therein pending. The circuit court is a trial court. The case, although brought to that court by appeal, is there for trial. In this prosecution for a criminal offense, appellant, while his case was being tried, occupied the came position as any other defendant being tried on a criminal charge.

We take the following from a note in 2 Enc. of Pl. & Prac., p. 351, on the subject of the right of an appellant to dismiss his case on a trial *de novo*: "Where, on appeal to an inferior tribunal by a defendant, the trial is to be had anew, he occupies on the appeal the same relative position of defendant, and has no greater right to have the appeal dismissed on his own motion than he had to have it discontinued below." To sustain the text just quoted, the case of *Bingham* v. *Waterhouse*, 32 Tex. 468, is cited. That case was an appeal by an administrator to the district court from an order of the probate court. It was decided that he had no right to appear in the district court and dismiss his appeal, because he stood there for trial *de novo* as defendant, and he occupied in that court the same attitude of a defendant as he did in the probate court, and as such was impotent to dismiss the case. We quote from the opinion in that case delivered by MORRILL, C. J.: "When the parties appeared in the district court, they occupied the same relative positions of plaintiff and defendant they did in the probate court, because the appeal was required to be tried *de novo*. Article 1460 [Paschal's Dig.]. He had the same right to dismiss or enter a *nolle prosequi* in the case that he had in the probate court, and no other; and this right was the same that any defendant has in the district court to dismiss the case from the docket."

The trial judge did not err when he overruled the motion of appellant in this case for permission to dismiss

his appeal. Appellant was being tried anew in the circuit court. He was on trial for the crime charged against him. His case was being disposed of as other and like cases in that court. All of the evidence to prove his guilt had been introduced on behalf of the state. The proof was sufficient to support a verdict convicting him. He had no right then to have his case dismissed.

*Affirmed.*