JACKSON *et al. v.* STATE.

(In Banc.   April 8, 1946.)

[25 So. (2d )483.   No. 36006.]

T. J. White, of Gulfport, for appellants.

854

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellants were convicted of grand larceny. We direct our attention only to the action of the trial judge in refusing a continuance of the case.

Motion for continuance was seasonably made and contained sworn averments in substance as follows: Defendants were charged with the theft of sheep; that in fact they were purchased from one Earl Cox from whom

bills of sale were procured; that Cox is the only witness who could testify to this fact and that he was on board a ship at sea as a member of the Merchant Marine forces and is unavailable as a witness; that process for him had been requested but he could not be reached or communicated with; that movants had used due diligence to reach him, and that he would be available at the next term of the court.

This motion was promptly sustained by the court, whereupon the defendants and their attorney quitted the court. The following day the trial judge reversed his order and reinstated the case upon the docket and set the trial for hearing six days later at the same term. On the latter date the motion was renewed and denied. Whereupon the defendants were put to trial and convicted. Motion for new trial was overruled.

Grounds for continuance cannot be cast in a definite mould but are left to the sound discretion of the court. Procedure for invoking this discretion is subject to conformance with established rules, yet such rules are in turn subject to the circumstances of each case. Such rules of procedure were laid down in Lamar v. State, 63 Miss. 265, and have been followed since; the latest case being Cody v. State (Miss.), 24 So. (2d) 745. In the Lamar case the procedure was standardized by the requirements that the affidavit of the defendant must be offered, continued diligence by court process and otherwise to procure his attendance, and after conviction additional affidavit of the defendant supporting the motion for new trial. However, the court took a realistic view of these prerequisites by limiting them to those situations where such conformity was "practicable."

The motion of the defendants here was not contested. The first motion, originally sustained, was later overruled in the absence of the defendants and their attorney. There was no evidence later adduced upon the motion to impair its sworn recitals. It was not practical to comply with any of the requirements of the

Lamar case other than what was done. Further process was futile and no affidavit of the witness was available. In view of the circumstances of this case, we are of the opinion that the absent witness was necessary properly to present a defense and that the explanations for a failure to follow formal procedures are reasonable and sufficient. We decide this case upon its own facts, and in holding that there was an abuse of the learned trial judge's discretion in the instant case, we guard against a corresponding abuse of the privilege of defendants similarly situated by denying to this case any status as a precedent for future judgments where the factual patterns are dissimilar.

Although the case is to be remanded and other assignments of error may be ignored, it is in point to state, since there is to be retrial, that the instructions refused to the defendants were properly refused as being redundant of those theretofore granted.

Reversed and remanded.