THIGPEN *v.* STATE.

In Banc. April 11, 1949.

(39 So. (2d) 768)

**J. L. Thompson,** for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Montgomery, J.**

The appellant was charged with the unlawful sale of intoxicating liquors in District No. 4 of Jasper County, Mississippi, by the affidavit of R. C. Alexander made one the 7th day of June, 1948, before John B. Dykes, Justice of the Peace of that district. On June 12th he was convicted and sentenced to pay a fine of $250 and all costs. An appeal bond was executed by the defendant, with surety, and lodged with the Justice of the Peace who

tried the case on the 12th day of June, 1948. The Justice of the Peace filed his certified transcript of the proceedings in his court with the clerk of the Circuit Court of Jasper County on June 18, 1948.

The Circuit Court of Jasper County met on Monday, August 23, 1948, and on the call of the docket the State announced ready and the defendant making no announcement the case was set for trial on Wednesday, August 25th. The day following the appellant had the clerk issue process for one Harry Lee Thigpen, a brother of appellant, which process was returned by the sheriff as not found in the county.

On the morning of the trial the appellant made a motion for a continuance supported by affidavit to the effect that the absent witness was out of the State and compulsory process would not procure his presence at that term of the court but that he had used due diligence to procure his presence at the trial of the case and that if the witness were present he would testify that he was present at the time the alleged sale was charged to have been made and that no sale of liquor was made at that time. Testimony was taken on the motion and appellant testified that during the week of the convening of court he had talked with his brother in Georgia twice over the telephone and that he had written him three times. He stated on cross examination in response to the question of the District Attorney that he could not say when his brother would be back in the State of Mississippi, nor could he say that he was to be back at any certain time. The Court overruled the motion for a continuance and the case was then set for trial upon its merits. Thereupon the appellant made a motion to dismiss the appeal with a writ of procedendo and this motion was also overruled by the Court. The jury was then empanelled and testimony was taken, and upon proper instruction from the Court the jury returned a verdict of guilty and the appellant was sentenced to pay a fine of $350 and serve a sentence of sixty days in the county jail of Jasper County,

of which fine and sentence $100 and thirty days were suspended during good behavior. At the conclusion of the trial a motion for a new trial was made, but said motion was not accompanied by the affidavit of the absent witness nor any showing as to why the affidavit could not be had.

Since 1885 it has been the unbroken rule of decisions in this State that █ if the court declines to grant a continuance because of the absence of a material witness, the accused should sue out the proper process and when the case is called for trial should renew his application, making such changes in his affidavit as the conditions then existing require. If the continuance is still refused he should with unremitting diligence seek to secure the witness' attendance pending the trial by the continued use of the process of the court. If tried and convicted he should still persist in his efforts to enforce their attendance before the expiration of the term and on his motion for a new trial present them for examination. If with all his efforts he is unable to have the witness personally present he should, if practicable, secure his ex parte affidavit, which should be presented for the consideration of the court on the motion for a new trial. The appellant complains that the court erred in refusing to grant this continuance because of the absence of the witness, but the proper showing of due diligence was not made in that it discloses no effort on the part of the defendant to procure the presence of the witness until the trial of the case was practically in progress. In addition, it was not followed up by the affidavit of the absent witness in support of the motion for a new trial, nor was any showing then made that conformity with the rule was not practicable. Hence, the lower court properly overruled the motion for continuance. Lamar v. State, 63 Miss. 265; Jackson v. State, 199 Miss. 853, 25 So. (2d) 483.

 █ The only other question necessary for a decision in this case is whether or not the Court erred in

overruling the motion to dismiss the appeal with procedendo. This question has been set at rest in this State by the decision in Bang v. State, 106 Miss. 824, 64 So. 734. It was there decided that one appealing a conviction from the Justice of the Peace court to the Circuit Court stands there for trial de novo as defendant and he occupies in that court the same attitude of a defendant as he did in the court of the Justice of the Peace and as such is impotent to dismiss the case. He had no more right to dismiss the appeal in the Circuit Court than he had to enter a nolle prosequi in the court of the Justice of the Peace. No defendant charged with a crime for the commission of which he is upon trial has a right to dismiss the case from the docket. He was on trial for the crime charged against him. His case was being disposed of as other and like cases in that court. The lower court was correct in overruling the motion to dismiss the appeal with procedendo.

The other assignments of error do not contain sufficient merit to justify a discussion in this opinion. We feel there is no error in this record and that the decision of the lower court should be affirmed.

Affirmed.