DARWIN MAPLES, Commissioner for the Court:[1]
Appellant was brought before the First District Justice Court of Simpson County on February 14,1976, to answer to the State of Mississippi on the charge of driving while intoxicated. Upon a plea of not guilty, appellant, represented by counsel, was tried, convicted and sentenced to serve a term of ninety (90) days in jail and fined a sum of Three Hundred Twenty ($320.00) Dollars. Appellant perfected an appeal to the Circuit Court of Simpson County, where, on motion of appellant’s counsel, the circuit court remanded the case to the justice court by means of an order for a writ of procedendo. Appellant changed attorneys and prosecutes this appeal from an order overruling appellant’s motion, which was timely made, to set aside the writ of procedendo and reinstate the appeal.
Appellant makes the following assignments of error:
The trial court erred in overruling appellant’s motion to set aside the writ of proce-dendo and reinstate appeal on the following grounds:
1. That appellant was denied a hearing on the motion;
2. That the finding is unsupported by the evidence in the record;
3. That the order dismissing his appeal on writ of procedendo was invalid and constituted reversible error on its face.
Appellant maintains that had he been afforded a hearing upon his motion to set aside the dismissal of his appeal he would have shown that at no time did he authorize his attorney, who was representing him at the time, to move the court to dismiss his appeal and order the issuance of a writ of procedendo to the justice court, and said action of his attorney was without his knowledge, understanding and consent. Appellant further contends that without a hearing he was denied the right to confront the evidence upon which the order overruling the motion was based. However, after a search of the record it appears that appellant’s second attorney never requested a hearing on the motion to set aside the writ of procedendo. Since it is well settled in Mississippi that the burden is on the mov-ant, when a motion or other dilatory pleading is filed, to pursue said motion to hearing (Circuit Court Rules of Mississippi, Rule 8; Burchan v. Estate of Burchan, 303 So.2d 476 (Miss.1974)) it was incumbent upon appellant to make his desire to be heard known to the court. Evers v. Truly, 317 So.2d 414 (Miss.1975). In accord, Dyer v. State, 300 So.2d 788 (Miss.1974). Failing to request a hearing, appellant cannot come back later and complain that he was denied a hearing and the benefits therein.
*113 While under Rule 8, supra, failure to pursue a motion to a hearing constitutes an abandonment of said motion, if the Court nevertheless elects to act on said motion ex mero motu or sua sponte, the ruling of the Court must be based on facts or evidence before the Court. Facts or evidence sufficient to base an issuance of a writ of procedendo were set out in McCoy v. State, 302 So.2d 509 (Miss.1974). In McCoy, the Court held that:
An order dismissing an appeal on a writ of procedendo which does not affirmatively show that the defendant was called in open court and thereby given an opportunity to prosecute his appeal constitutes reversible error. (Emphasis added).
While it may be inferred that the appellant was present during the motion to dismiss the appeal on writ of procedendo, it was not affirmatively shown. Since the record is not conclusive as to the appellant’s presence, a hearing becomes necessary to ascertain whether the waiver of appeal and issuance of a writ of procedendo fell within the McCoy standard. This would be the better practice, since where the justice court had already found the appellant guilty and had passed sentence in the cause, an order dismissing an appeal on a writ of procedendo is tantamount to a guilty plea and acceptance of the justice court sentence.
Accordingly, where the motion to set aside the writ of procedendo and reinstate appeal was timely filed and where the court ex mero motu elected to act on said motion, it was error to enter an order overruling said motion without affording the appellant a right to a hearing. It is, therefore, the opinion of this Court that the order overruling the motion to set aside the writ of procedendo and reinstate appeal should be set aside and the order for a writ of proce-dendo be reversed and remanded for a hearing to ascertain whether the dismissal of appeal was proper, or whether appellant’s motion to reinstate the appeal should be sustained.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ„ and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.