IN THE SUPREME COURT OF MISSISSIPPI
NO. 2010-KM-00698-SCT

*RACHEL D. NELSON*

*v.*

*STATE OF MISSISSIPPI*

DATE OF JUDGMENT:                        03/30/2010
TRIAL JUDGE:                             HON. SAMAC S. RICHARDSON
COURT FROM WHICH APPEALED:               RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:                 LANCE O'NEAL MIXON
                                         VICTOR W. CARMODY, JR.
ATTORNEY FOR APPELLEE:                   OFFICE OF THE ATTORNEY GENERAL
                                         BY: STEPHANIE BRELAND WOOD
DISTRICT ATTORNEY:                       MICHAEL GUEST
NATURE OF THE CASE:                      CRIMINAL - MISDEMEANOR
DISPOSITION:                             AFFIRMED - 08/25/2011
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     On October 27, 2006, Rachel Nelson was involved in an automobile collision. The City of Richland charged her with driving under the influence (DUI), first offense. On November 15, 2006, Nelson pleaded *nolo contendere* in the Municipal Court of Richland. The court found Nelson guilty and imposed a sentence of forty-eight hours in jail, suspended, along with a $1,000 fine and $244 in assessments.

¶2.     On November 29, 2006, Nelson filed a notice of appeal in the Rankin County Circuit Clerk's office pursuant to Uniform Rule of Circuit and County Court Procedure 12.02,

stating that a sufficient cash appeal and cash bond had been posted, and requesting a jury trial in county court de novo. The trial date was set for April 2, 2007. On March 27, 2007, Nelson filed a motion to dismiss the appeal on writ of *procedendo* and return the cause of action to the Municipal Court of Richland for imposition of sentence. On the same day, the Rankin County Court granted Nelson's Motion to Dismiss and ordered the matter back to the Municipal Court of Richland on writ of *procedendo*.[1]

¶3. On March 30, 2007, a Richland city prosecutor filed a motion to set aside the order of dismissal, to reinstate Nelson's appeal, and to stay the proceedings. In this motion, the prosecutor argued that Nelson's accident had caused serious injuries to Debra Easterling, but that the matter inadvertently had been presented in municipal court as a DUI first offense without court personnel or the prosecutor having had knowledge of the injuries. The prosecutor also argued that the county court had dismissed Nelson's appeal with no notice to the State,[2] and that the county court had lacked the power to dismiss Nelson's appeal without an agreement by the State. The prosecutor also asserted that no jeopardy had attached because Nelson had entered a "no contest" plea in the Municipal Court of Richland.

¶4. A hearing on the prosecutor's motion took place on April 12, 2007, in the county

---

[1] "A writ of *procedendo* is issued by a court of superior jurisdiction to a court of inferior jurisdiction to enforce the lower court's judgment." **Ferrell v. State**, 785 So. 2d 317, 319 (Miss. Ct. App. 2001) (citing **Pool v. State**, 176 Miss. 514, 515, 169 So. 886, 887 (1936)).

[2] A certificate of service states that Nelson's motion to dismiss was served on the prosecutor the day it was filed, on March 27, 2007. However, the order of dismissal was entered on that same day. Our review of the record indicates it was the understanding of the parties and the court that, for all practical purposes, the prosecutor had no opportunity to respond to the motion.

court. The county court found that the city's motion to set aside the order of dismissal had been timely filed. Although the case had been dismissed, the county court asserted jurisdiction over it for the limited purpose of adjudicating the city's motion to set aside the order of dismissal. Both the prosecutor and Nelson's attorney informed the court that, at the time of Nelson's plea in municipal court, neither party had known that the accident victims had been seriously injured. Nelson's attorney stated that he first had discovered the injuries when informed by counsel for one of the victims on December 28, 2006. He stated that he then had discussed the matter with the prosecutor, and they had decided neither party would take any action in the case until they conferred on March 21, 2007. However, Nelson's attorney stated that the prosecutor did not respond to his attempts to contact him in March 2007. Nelson's attorney stated that, due to the approaching trial date and his inability to communicate with the prosecutor, he had filed the motion to voluntarily dismiss the case.

¶5. The court heard testimony from Detective John King, an investigator with the Richland Police Department. King testified that his first meeting with the district attorney's office was on March 29, 2007. He testified that the case was not ready for presentation to the grand jury due to the absence of medical records under subpoena. Nelson's attorney argued that the case should be dismissed due to the city's delay in presenting the case to the district attorney's office.

¶6. The county court stated that it had granted the motion to dismiss the appeal because the investigating officer was no longer available, the city had secured a conviction for Nelson's offense, and the city had taken no steps to submit the matter to the district attorney's office. The county court found that, under the Uniform Rules of Circuit and

3

County Court Practice, and the prerules cases of *Bang v. State*, 106 Miss. 824, 64 So. 734 (Miss. 1914), and *Thigpen v. State*, 206 Miss. 87, 39 So. 2d 768 (Miss. 1949), the county court may dismiss an appeal from municipal court at the appellant's request at any time until the presentation of evidence begins, and may dismiss it after the presentation of evidence begins, with the agreement of the parties. However, the county court also found that it is the better practice to give the State an opportunity to respond to a motion to dismiss to assure the defendant has gained no advantage over the State by nondisclosure of information that was solely in the defendant's possession.

¶7. The county court found that Nelson had neither withheld information nor gained an unfair advantage over the State. However, the county court found that it should have given the city an opportunity to respond to Nelson's motion to dismiss. The county court reinstated the appeal to hear the city's response. The city moved to *nolle prosequi* the DUI-first charge, to enable its indictment of Nelson for the felony crime of DUI mayhem. The county court granted the motion and *nolle prossed* the DUI-first charge. The order entered after the hearing stated:

> IT IS ORDERED AND ADJUDGED that the previous order to Dismiss and Order to Remand Back on Writ of Procedendo entered March 27, 2007 is hereby set aside and the Appeal is hereby reinstated.
> IT IS FURTHER ORDERED AND ADJUDGED that the request to Stay the Proceeding is denied.
> IT IS FURTHER ORDERED AND ADJUDGED that the counsel for the State of Mississippi made a motion ore tenus that the above styled case be Nolle Prosequi and that an Order of Nolle Prosequi in the above styled cause be and hereby is entered.

Nelson filed a motion for reconsideration. This motion was denied.

¶8. Nelson appealed to the Circuit Court of Rankin County. On April 1, 2010, the circuit

4

court issued an order affirming the county court's ruling. Nelson filed a motion to permit appeal to this Court pursuant to Mississippi Code Section 11-51-81, and on May 27, 2010, this Court permitted Nelson's appeal.[3] Nelson argues that: (1) the county court had no jurisdiction to set aside the order of dismissal and remand on writ of *procedendo*; and (2) double jeopardy was invoked because the county court *nolle prossed* the charge after the appeal was taken.

## DISCUSSION

I. WHETHER THE COUNTY COURT HAD JURISDICTION TO SET ASIDE THE ORDER OF DISMISSAL AND REMAND.

¶9. Nelson argues that she had a right to dismiss her appeal voluntarily. She argues that the dismissal and remand on writ of *procedendo* deprived the county court of jurisdiction. According to Nelson, once her appeal was dismissed and the case remanded on writ of *procedendo*, the county court was unable to retake jurisdiction even for the limited purpose of considering whether to set aside the order of dismissal and remand on writ of *procedendo*. The jurisdictional question presented is governed by Mississippi's procedural law.

¶10. The county court found that it has authority to dismiss an appeal on the appellant's

---

[3] Nelson's appeal came to this Court under the former "three-court rule." In *Jones v. City of Ridgeland*, 48 So. 3d 530 (Miss. 2010), this Court found the three-court rule to be unconstitutional. In describing the rule, this Court stated that it

> prohibits defendants who are aggrieved by a decision originating in justice or municipal court, and who have appealed to both county court and circuit court, from successfully appealing to this Court unless two requirements are met: (1) the appeal must involve a federal or state constitutional question, and (2) either the circuit court judge or a Supreme Court justice must "allow" the appeal.

*Id.* at 534.

motion to voluntarily dismiss the appeal, and that it was within its authority to dismiss Nelson's appeal at her request. However, on reconsideration, the county court determined that it had erred by dismissing Nelson's appeal without timely notice to the city, and without the benefit of the city's arguments in opposition to dismissal. We must determine whether the county court erred by reconsidering the dismissal of Nelson's appeal under these circumstances.

¶11. The Uniform Rules of Circuit and County Court allow appeals to county court from justice court or municipal court. URCCC 12.02. Rule 12.02 states that an individual who has been "adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court . . . ." for a trial de novo. URCCC 12.02(A)(1), (C). Perfecting the appeal requires the simultaneous filing of a notice of appeal, a cost bond, and an appearance bond or cash deposit within thirty days of the judgment. URCCC 12.02(A)(1). When the appeal is perfected, the prior judgment of conviction is stayed. URCCC 12.02(C). Rule 12.02 expressly sets out three situations in which the trial court may dismiss the appeal with prejudice: (1) if the defendant fails to post the required appearance bond or cash deposit; (2) if the notice of appeal does not contain the information required by Rule 12.02(A)(2), and the court does not allow amendment; or (3) if the defendant fails to appear at the time and place set by the court. URCCC 12.02 (A)(1), (A)(2), (B)(1).

¶12. On several occasions, this Court has discussed a defendant's ability to obtain a dismissal of an appeal from justice court or municipal court for a trial de novo. In *Bang v. State*, 106 Miss. 824, 64 So. 734, 735 (1914), Pier Bang was convicted in justice court of the

unlawful sale of intoxicating liquors and fined $150. Bang appealed to the circuit court, and a trial took place. *Id.* After the State had rested its case, Bang moved to dismiss the appeal. *Id.* The circuit court overruled the motion, and Bang appealed the ruling to the Supreme Court. *Id.* In holding that Bang had no right to have the appeal dismissed, the Court stated:

> It will be seen that the case is brought into the circuit court by appeal from the judgment of the justice of the peace court. When it reaches the circuit court, it is there for trial anew, and disposition just as other cases therein pending. The circuit court is a trial court. The case, although brought to that court by appeal, is there for trial. In this prosecution for a criminal offense, appellant, while his case was being tried, occupied the same position as any other defendant being tried on a criminal charge.

*Id.* The Court also appeared to rely on the fact that the State had presented its evidence against Bang before he had moved for dismissal, stating:

> The trial judge did not err when he overruled the motion of appellant in this case for permission to dismiss his appeal. Appellant was being tried anew in the circuit court. He was on trial for the crime charged against him. His case was being disposed of as other and like cases in that court. All of the evidence to prove his guilt had been introduced on behalf of the state. The proof was sufficient to support a verdict convicting him. He had no right then to have his case dismissed.

*Id.*

¶13. The Court addressed the issue again in *Thigpen v. State*, 206 Miss. 87, 39 So. 2d 768 (1949). Henry Clay Thigpen was convicted in justice court of the unlawful sale of intoxicating liquors and sentenced to pay a fine of $250 and costs. Thigpen appealed to the circuit court, but on the morning of trial, he moved for a continuance. *Id.* at 769. When the trial court denied the motion, Thigpen moved to dismiss the appeal on a writ of *procedendo*. *Id.* Thigpen was found guilty and appealed to the Supreme Court. *Id.* Citing *Bang*, the Court stated that "one appealing a conviction from the Justice of the Peace court to the

7

Circuit Court stands there for trial de novo as defendant and he occupies in that court the same attitude of a defendant as he did in the court of the Justice of the Peace and as such is impotent to dismiss the case." *Id.* The Court held that Thigpen "had no more right to dismiss the appeal in the Circuit Court than he had to enter a nolle prosequi in the court of the Justice of the Peace" because a defendant charged with a crime has no right to dismiss the case against him from the docket. *Id.*

¶14.   In *Peeples v. State*, 216 Miss. 790, 63 So. 2d 236 (1953), and *Parham v. State*, 229 So. 2d 582 (Miss. 1969), this Court relied upon *Bang* and *Thigpen* to find a defendant was not entitled to dismiss an appeal from justice court. In each case, the trial court had overruled the defendant's motion to dismiss the appeal, made on the day of trial. In *Peeples*, the Court, citing *Bang* and *Thigpen*, found without discussion that the issue was without merit. In *Parham*, the Court, citing *Thigpen* and *Peeples*, found that "the argument that the circuit court is required to dismiss an appeal from the Justice of the Peace Court upon the request of the defendant has been refuted in at least two cases from this Court." The Court supported its holding with a quote from *Thigpen*'s discussion of *Bang*. *Parham*, 229 So. 2d at 584.

¶15.   The Court revisited the issue in *Lee v. State*, 357 So. 2d 111 (Miss. 1978). Wilbert Lee was convicted in justice court of driving while intoxicated and sentenced to ninety days in jail and fined $320. *Id.* at 112. He appealed to circuit court for a trial de novo. Subsequently, his counsel moved to dismiss the appeal. The circuit court granted the motion and remanded the case to justice court on writ of *procedendo*. *Id.* With new counsel, Lee moved to set aside the dismissal and writ of *procedendo* and reinstate the appeal; the trial court overruled the motion. *Id.* Lee appealed to this Court, arguing that he was improperly

8

denied a hearing on the motion to set aside. *Id.* Lee argued that he would have shown at a hearing that he never had authorized his prior counsel to move for dismissal. *Id.*

¶16. The Court found that, in order to dismiss an appeal and remand on a writ of *procedendo*, the defendant must be called in open court and given an opportunity to prosecute the appeal. *Id.* (citing *McCoy v. State*, 302 So. 2d 509 (Miss. 1974)). Because the appellate record was inconclusive as to whether the defendant had been present at the dismissal of the appeal, a hearing on the issue was necessary. *Id.* at 113. The Court reversed and remanded for a hearing on whether dismissal of the appeal was proper, or whether the motion to set aside the dismissal should be granted. *Id.*

¶17. Nelson cites *Lee* in support of her argument that the county court lacks jurisdiction to reinstate an appeal that has been dismissed and the case remanded on writ of *procedendo*. She specifically relies on the language in *Lee* that "where the justice court had already found the appellant guilty and had passed sentence in the cause, an order dismissing an appeal on a writ of *procedendo* is tantamount to a guilty plea and acceptance of the justice court sentence." *Lee*, 357 So. 2d at 113. From this statement, Nelson concludes that, with the order dismissing the appeal and remanding on writ of *procedendo*, the county court deprived itself of any further jurisdiction, and that the county court was without jurisdiction to set aside the order of dismissal.

¶18. However, *Lee* actually stands for the opposite of Nelson's proposition. In *Lee*, the Court reversed the circuit court's denial of a motion to set aside an order that had dismissed an appeal and remanded on writ of *procedendo*. *Id.* The Court remanded for a hearing and a determination of whether the order of dismissal and remand on writ of *procedendo* should

9

be upheld or set aside. *Id.* This Court determined that dismissal may have been improper because Lee had not been present in open court and was not given the opportunity to prosecute the appeal. Therefore, *Lee* explicitly recognized that a court to which an appeal has been taken for a trial de novo is empowered to: (1) grant the defendant's appropriately timed motion to dismiss the appeal and remand on writ of *procedendo*; and (2) set aside the order of dismissal and remand on writ of *procedendo*, upon a determination that the order of dismissal and remand was improper. *Id.*; *see also **Ferrell v. State***, 785 So. 2d 317, 320-21 (Miss. Ct. App. 2001).

¶19. Under *Lee*, the county court had jurisdiction to consider the motion to set aside the order of dismissal and remand. The county court determined that the order of dismissal and remand was improper because the city had lacked notice and an opportunity to respond to Nelson's motion to dismiss. Therefore, the court reinstated the appeal, giving the State an opportunity to respond to Nelson's motion to dismiss. Nelson argues that this ruling infringed upon her right to dismiss the appeal voluntarily without the city's consent. She cites precedent from Oklahoma and Wyoming that a party may dismiss an appeal from justice court to county court at any time before the commencement of the trial without the consent of the other party. ***O'Rourke v. O'Rourke***, 142 Okla. 238, 286 P. 341, 343 (1930); ***Mayott v. Knott***, 16 Wyo. 108, 92 P. 240, 241 (1907). However, this precedent is inapposite to this case. The reason the county court set aside the order of dismissal and remand was not because the city had not consented to the order. Rather, the court set aside the order of dismissal and remand because the city had not been afforded an opportunity to respond to the motion to dismiss. On reconsideration, the county court determined that it had erred by

10

entering the order of dismissal and remand without allowing a response from the city. Therefore, the county court set aside the order of dismissal and remand. We find that the decision to hear the city's arguments on the motion to dismiss in this case was within the county court's sound discretion.

> II. WHETHER DOUBLE-JEOPARDY PROTECTIONS ARE INVOKED WHEN THE COUNTY COURT ALLOWS THE STATE TO *NOLLE PROSEQUI* A CRIMINAL CHARGE AFTER AN APPEAL FOR A TRIAL DE NOVO HAS BEEN DISMISSED BY THE APPELLANT.

¶20.    After setting aside the order of dismissal and remand on writ of *procedendo*, the county court granted the State's motion to *nolle prosequi* the DUI-first charge against Nelson. Nelson argues that, because she has been convicted of DUI-first and sentenced by the municipal court, double-jeopardy considerations prevent the State from obtaining a *nolle prosequi* on that charge with the intention of subsequently indicting her for felony DUI.

¶21.    Section 22 of the Mississippi Constitution of 1890 provides that "no person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." Miss. Const. art. 3, § 22. "Under the plain wording of Article 3, § 22, in order for this state's Double Jeopardy Clause to apply the accused must first suffer an actual acquittal or conviction on the merits of the offense." **State v. Fleming,** 726 So. 2d 113, 115 (Miss. 1998)). Double jeopardy protects against a second prosecution after acquittal or conviction, as well as protecting against multiple punishments. **Browner v. State**, 947 So. 2d 254, 266 (Miss. 2006) (citing **Schiro v. Farley**, 510 U.S. 222, 229, 114 S. Ct. 783, 127 L. Ed. 2d 47 (1994)).

¶22.    The entry of a *nolle prosequi* does not bar another prosecution for the same offense

11

under a new indictment. *De la Beckwith v. State*, 707 So. 2d 547, 569 (Miss. 1997). But Nelson does not claim she has been twice placed in jeopardy for the same offense. Rather, she contends that she may be prosecuted in the future for felony DUI. Therefore, the question of whether the municipal court proceedings would bar a subsequent prosecution under double-jeopardy considerations is not ripe for determination. *See York v. State*, 751 So. 2d 1194, 1199-1200 (Miss. Ct. App. 1999). For the same reason, the due-process arguments posited by the dissent are inappropriate for consideration at this time.[4] This Court does not issue advisory opinions. *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 93 (Miss. 2010).

## CONCLUSION

¶23. We find that the county court had jurisdiction to set aside the order of dismissal and remand on writ of *procedendo* and reinstate the appeal. We further find that Nelson's double-jeopardy argument is not ripe for our consideration. Therefore, we affirm the decision of the circuit court, which affirmed the decision of the county court.

¶24. **AFFIRMED.**

**WALLER**, **C.J.**, **CARLSON**, **P.J.**, **RANDOLPH AND PIERCE**, **JJ.**, **CONCUR. KITCHENS**, **J.**, **DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON**, **P.J.**, **AND KING**, **J. LAMAR**, **J.**, **JOINS IN PART.**

**KITCHENS, JUSTICE, DISSENTING:**

¶25. The only reason cited by the State as grounds for reinstating Nelson's appeal and nolle

---

[4] As the dissent points out, "in [*Thigpen v. Roberts*, 468 U.S. 27, 104 S. Ct. 2916, 82 L. Ed. 2d 23 (1984), and *Blackledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974)], felony indictments had been brought while the defendants' appeals were pending."

prossing the misdemeanor charge was to allow the State an opportunity to indict Nelson for a felony charge. The United States Supreme Court has clearly held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the State's pursuing a felony indictment following a defendant's appeal of a misdemeanor charge for the same conduct. *Thigpen v. Roberts*, 468 U.S. 27, 104 S. Ct. 2916, 82 L. Ed. 2d 23 (1984); *Blackledge v. Perry*, 417 U.S. 21, 94 S. Ct. 2098, 40 L. Ed. 2d 628 (1974). Accordingly, because there was no valid reason to set aside the dismissal of Nelson's appeal and to nolle pros the misdemeanor charge without her consent, I must respectfully dissent.

¶26. The majority's belief that "at the time of Nelson's plea in municipal court, neither party had known that the accident victims had been seriously injured," is not entirely accurate. Maj. Op. ¶ 4. At the hearing in county court on the State's motion to reinstate Nelson's appeal, Nelson's attorney, Victor Carmody, informed the county court that, at the time of the arraignment, everyone was aware that there were "potential but unknown injuries" as a result of the automobile accident. According to Carmody, he had discussed with the Richland city prosecutor, Greg Harper, the possibility of more serious charges' being brought against his client because of these "potential injuries" and that Carmody had wished to "handle this as a DUI first offense specifically to minimize any potential criminal liability and prevent the creation of further criminal liability." Carmody also told the court that Harper had agreed to proceed on the misdemeanor DUI charge and allow Nelson to appeal so that she could "finish her R.N. nursing qualifications." On December 28, 2006, Carmody received a call from the accident victims' attorney, but this was not when he first discovered the injuries, as the majority states. Maj. Op. ¶ 4.

13

¶27. Harper did not dispute that he was present in the Richland Municipal Court the day Nelson was arraigned and found guilty of driving under the influence (DUI). While he did not deny Carmody's version of events, Harper told the county court that he had "no recollection of knowledge of any injuries" on the day of the arraignment. Harper did, however, recall that Nelson was pursuing her nursing license and acknowledged that he had agreed to prosecute her on the misdemeanor charge.

¶28. Judge Kent McDaniel, the county court judge, seemed displeased with the manner in which the case had been handled, telling the prosecutor:

> All the information about the nature of the injuries and how bad this person[5] was hurt, that they went to the hospital in an ambulance, I presume, that was all available to the State. You may not have known about it, but somebody at Richland should have, as I say, awakened from their coma and said, "Listen, we don't want to plead this as a [DUI] first."

Thus, the judge correctly observed that, regardless of Harper's personal knowledge, the City of Richland *was* on notice that potentially serious injuries had resulted from the accident. *See State v. Blenden*, 748 So. 2d 77, 86 (Miss. 1999) (knowledge of governmental officer imputed to prosecution) (citing *Giglio v. United States*, 405 U.S. 150, 153-54, 92 S. Ct. 763, 766, 31 L. Ed. 2d 104 (1972); *United States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979)). However, over the defendant's objection, the judge reinstated Nelson's appeal and allowed the original charge to be nolle prossed by the prosecutor, reasoning "this is a case that should have been presented as a [DUI] mayhem that never should have been tried below."

¶29. Thirty-seven years ago, the United States Supreme Court declared, "[a] person

---

[5]Two people were injured in the accident, and while the record is clear that one was seriously injured, the extent of the other victim's injuries is unclear from the record.

14

convicted of an offense is entitled to pursue his statutory right to a trial de novo without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." *Blackledge*, 417 U.S. at 28. Thus, even if the prosecutor acts in good faith, the Due Process Clause of the Fourteenth Amendment prohibits a State from "'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy." *Id.* The Supreme Court noted that "[t]his would clearly be a different case if the State had shown that it was impossible to proceed on the more serious charge at the outset." *Id.* at 29 n.7 (citing *Diaz v. United States*, 223 U.S. 442, 32 S. Ct. 250, 56 L. Ed. 500 (1912)). Of course, in the present case, the State was on notice of facts that may have supported an indictment for a felony. The defendant should not be prejudiced because the prosecutor initially elected to pursue the case as a misdemeanor. *Id.* at 30 ("Having chosen originally to proceed on the misdemeanor charge in [municipal court], the [State] was, under the facts of this case, simply precluded by the Due Process Clause from calling upon the respondent to answer to the more serious charge in [circuit court].") Notably, a decade later, the United States Supreme Court applied *Blackledge* to Mississippi's statutory scheme allowing criminal defendants the right to appeal directly a conviction from justice court or municipal court. *Thigpen*, 468 U.S. 27.

¶30. Procedurally, this case is different from *Blackledge* and *Thigpen* in that, in those cases, felony indictments had been brought while the defendants' appeals were pending. However, those cases still are controlling, and the issue of due process is ripe for review regardless of the existence of a felony indictment. The prosecution does not enjoy unbridled discretion in

15

nolle prossing charges and must obtain the court's consent. Miss. Code Ann. § 99-15-53 (Rev. 2007). "The requirement of court approval for dismissal of a criminal action 'is primarily intended to protect the defendant against prosecutorial harassment.'" *State v. Adams County Circuit Court*, 735 So. 2d 201, 205 (Miss. 1999) (quoting *United States v. Hamm*, 659 F.2d 624, 628 (5th Cir.1981)). Thus, the State must offer a legitimate basis for dismissing a criminal prosecution, and the trial court must have a "reasonable basis" for granting or denying the State's motion to dismiss. *Id.* The only reason cited by the prosecutor in support of his motion to reinstate Nelson's appeal and nolle pros the charge against her was to allow the indictment of Nelson for a more serious charge. Moreover, the only basis cited by the trial judge for granting the State's motion was that "that never should have been tried below." Because due process of law prohibits the State's instituting greater charges following the defendant's exercising her statutory right to appeal, the State did not provide a legitimate basis for nolle prossing the charge, and it was, therefore, error to grant the State's motion and nolle pros the charge over the defendant's objection.

¶31. In most of the cases cited by the majority, the defendants attempted to have their appeals dismissed either during trial or on the day of trial, and in none of those cases did the a defendant seek a dismissal based on the prosecution's threat of greater charges. *Parham v. State*, 229 So. 2d 582 (Miss. 1969) (dismissal of appeal sought the day of trial and after the defendant's motion for a continuance was denied); *Peeples v. State*, 216 Miss. 790, 801, 63 So. 2d 236 (1953) (motion to dismiss appeal sought at the beginning of trial in circuit court); *Thigpen v. State*, 206 Miss. 87, 39 So. 2d 768 (1949) (dismissal of appeal sought the day of trial and after the defendant's motion for a continuance was denied); *Bang v. State*, 106 Miss.

16

824, 64 So. 734 (1914) (motion to dismiss appeal sought after the State had presented all of its evidence). Thus, those cases are consistent with the practice in other jurisdictions that a defendant has a right to dismiss an appeal from a lower court prior to the empaneling of a jury or to the production of evidence in an appellate trial. *Hilburn v. City of Gardendale*, 591 So. 2d 8, 12 (Ala. 1991). *See also O'Rourke v. O'Rourke*, 142 Okla 238, 286 P. 341, 343 (1930); *Mayott v. Knott*, 16 Wyo. 108, 92 P. 240, 241 (1907).[6]

¶32.  The majority also cites *Lee v. State*, 357 So. 2d 111 (Miss. 1978), and *Ferrell v. State*, 785 So. 2d 317, 320 (Miss. Ct. App. 2001), for the proposition that the State has the right to object to a defendant's motion to dismiss his or her appeal. However, the focus of *Lee* and *Ferrell* is on the *defendant's* right to object to the dismissal of his or her appeal. As more than one state supreme court has noted, a statutory scheme "allowing for de novo relitigation of the charge is solely for the benefit and protection of the accused." *Hilburn*, 591 So. 2d at 12 (quoting *State ex rel. Garrett v. Gagne*, 531 S.W. 2d 264, 267 (Mo. 1975)). Thus, it logically follows that a criminal defendant would have a right to dismiss his or her appeal until the day of trial. *See Garrett*, 531 S.W. 2d at 267 ("In the normal procedures involving prosecutions for offenses against society, the law customarily does not force an appeal upon an accused.")

¶33.  For the foregoing reasons, it was error to reinstate Nelson's appeal over her objection and to nolle pros the misdemeanor charge of which she already had been convicted.

---

[6]The majority finds that *O'Rourke* and *Mayott* are "inapposite to this case. The reason the county court set aside the order of dismissal and remand was not because the city had not consented to the order. Rather, the court set aside the order of dismissal and remand because the city had not been afforded an opportunity to respond to the motion to dismiss." This is a distinction without a difference.

17

Accordingly, I would reverse the judgments of the circuit court and county court and reinstate the writ of *procedendo*.

**DICKINSON, P.J., AND KING, J., JOIN THIS OPINION. LAMAR, J., JOINS THIS OPINION IN PART.**