CHANDLER, Justice,
for the Court:
¶ 1. On October 27, 2006, Rachel Nelson was involved in an automobile collision. The City of Richland charged her with driving under the influence (DUI), first offense. On November 15, 2006, Nelson pleaded nolo contendere in the Municipal Court of Richland. The court found Nelson guilty and imposed a sentence of forty-eight hours in jail, suspended, along with a $1,000 fine and $244 in assessments.
¶ 2. On November 29, 2006, Nelson filed a notice of appeal in the Rankin County Circuit Clerk’s office pursuant to Uniform Rule of Circuit and County Court Procedure 12.02, stating that a sufficient cash appeal and cash bond had been posted, and requesting a jury trial in county court de novo. The trial date was set for April 2, 2007. On March 27, 2007, Nelson filed a motion to dismiss the appeal on writ of procedendo and return the cause of action to the Municipal Court of Richland for imposition of sentence. On the same day, the Rankin County Court granted Nelson’s Motion to Dismiss and ordered the matter back to the Municipal Court of Richland on writ of procedendo.[1]
¶ 3. On March 30, 2007, a Richland city prosecutor filed a motion to set aside the order of dismissal, to reinstate Nelson’s appeal, and to stay the proceedings. In this motion, the prosecutor argued that Nelson’s accident had caused serious injuries to Debra Easterling, but that the matter inadvertently had been presented in municipal court as a DUI first offense without court personnel or the prosecutor having had knowledge of the injuries. The prosecutor also argued that the county court had dismissed Nelson’s appeal with no notice to the State,[2] and that the county *1040 court had lacked the power to dismiss Nelson’s appeal without an agreement by the State. The prosecutor also asserted that no jeopardy had attached because Nelson had entered a “no contest” plea in the Municipal Court of Richland.
¶ 4. A hearing on the prosecutor’s motion took place on April 12, 2007, in the county court. The county court found that the city’s motion to set aside the order of dismissal had been timely filed. Although the case had been dismissed, the county court asserted jurisdiction over it for the limited purpose of adjudicating the city’s motion to'set aside the order of dismissal. Both the prosecutor and Nelson’s attorney informed the court that, at the time of Nelson’s plea in municipal court, neither party had known that the accident victims had been seriously injured. Nelson’s attorney stated that he first had discovered the injuries when informed by counsel for one of the victims on December 28, 2006. He stated that he then had discussed the matter with the prosecutor, and they had decided neither party would take any action in the case until they conferred on March 21, 2007. However, Nelson’s attorney stated that the prosecutor did not respond to his attempts to contact him in March 2007. Nelson’s attorney stated that, due to the approaching trial date and his inability to communicate with the prosecutor, he had filed the motion to voluntarily dismiss the case.
¶ 5. The court heard testimony from Detective John King, an investigator with the Richland Police Department. King testified that his first meeting with the district attorney’s office was on March 29, 2007. He testified that the case was not ready for presentation to the grand jury due to the absence of medical records under subpoena. Nelson’s attorney argued that the case should be dismissed due to the city’s delay in presenting the case to the district attorney’s office.
¶ 6. The county court stated that it had granted the motion to dismiss the appeal because the investigating officer was no longer available, the city had secured a conviction for Nelson’s offense, and the city had taken no steps to submit the matter to the district attorney’s office. The county court found that, under the Uniform Rules of Circuit and County Court Practice, and the prerules cases of Bang v. State, 106 Miss. 824, 64 So. 734 (Miss.1914), and Thigpen v. State, 206 Miss. 87, 39 So.2d 768 (Miss.1949), the county court may dismiss an appeal from municipal court at the appellant’s request at any time until the presentation of evidence begins, and may dismiss it after the presentation of evidence begins, with the agreement of the parties. However, the county court also found that it is the better practice to give the State an opportunity to respond to a motion to dismiss to assure the defendant has gained no advantage over the State by nondisclosure of information that was solely in the defendant’s possession.
¶ 7. The county court found that Nelson had neither withheld information nor gained an unfair advantage over the State. However, the county court found that it should have given the city an opportunity to respond to Nelson’s motion to dismiss. The county court reinstated the appeal to hear the city’s response. The city moved to nolle prosequi the DUI-first charge, to enable its indictment of Nelson for the felony crime of DUI mayhem. The county court granted the motion and nolle prossed the DUI-first charge. The order entered after the hearing stated:
IT IS ORDERED AND ADJUDGED that the previous order to Dismiss and *1041 Order to Remand Back on Writ of Pro-cedendo entered March 27, 2007 is hereby set aside and the Appeal is hereby reinstated.
IT IS FURTHER ORDERED AND ADJUDGED that the request to Stay the Proceeding is denied.
IT IS FURTHER ORDERED AND ADJUDGED that the counsel for the State of Mississippi made a motion ore terms that the above styled case be Nolle Prosequi and that an Order of Nolle Prosequi in the above styled cause be and hereby is entered.
Nelson filed a motion for reconsideration. This motion was denied.
¶ 8. Nelson appealed to the Circuit Court of Rankin County. On April 1, 2010, the circuit court issued an order affirming the county court’s ruling. Nelson filed a motion to permit appeal to this Court pursuant to Mississippi Code Section 11-51-81, and on May 27, 2010, this Court permitted Nelson’s appeal.[3] Nelson argues that: (1) the county court had no jurisdiction to set aside the order of dismissal and remand on "writ of procedendo; and (2) double jeopardy was invoked because the county court nolle prossed the charge after the appeal was taken.

DISCUSSION

I. WHETHER THE COUNTY COURT HAD JURISDICTION TO SET ASIDE THE ORDER OF DISMISSAL AND REMAND.
¶ 9. Nelson argues that she had a right to dismiss her appeal voluntarily. She argues that the dismissal and remand on writ of procedendo deprived the county court of jurisdiction. According to Nelson, once her appeal was dismissed and the case remanded on writ of procedendo, the county court was unable to retake jurisdiction even for the limited purpose of considering whether to set aside the order of dismissal and remand on writ of proceden-do. The jurisdictional question presented is governed by Mississippi’s procedural law.
¶ 10. The county court found that it has authority to dismiss an appeal on the appellant’s motion to voluntarily dismiss the appeal, and that it was within its authority to dismiss Nelson’s appeal at her request. However, on reconsideration, the county court determined that it had erred by dismissing Nelson’s appeal without timely notice to the city, and without the benefit of the city’s arguments in opposition to dismissal. We must determine whether the county court erred by reconsidering the dismissal of Nelson’s appeal under these circumstances.
¶ 11. The Uniform Rules of Circuit and County Court allow appeals to county court from justice court or municipal court. URCCC 12.02. Rule 12.02 states that an individual who has been “adjudged guilty of a criminal offense by a justice or municipal court may appeal to county court or, if there is no county court having jurisdiction, then to circuit court ....” for a trial de novo. URCCC 12.02(A)(1), (C). Perfecting the appeal requires the simulta *1042 neous filing of a notice of appeal, a cost bond, and an appearance bond or cash deposit within thirty days of the judgment. URCCC 12.02(A)(1). When the appeal is perfected, the prior judgment of conviction is stayed. URCCC 12.02(C). Rule 12.02 expressly sets out three situations in which the trial court may dismiss the appeal with prejudice: (1) if the defendant fails to post the required appearance bond or cash deposit; (2) if the notice of appeal does not contain the information required by Rule 12.02(A)(2), and the court does not allow amendment; or (3) if the defendant fails to appear at the time and place set by the court. URCCC 12.02(A)(1), (A)(2), (B)(1).
¶ 12. On several occasions, this Court has discussed a defendant’s ability to obtain a dismissal of an appeal from justice court or municipal court for a trial de novo. In Bang v. State, 106 Miss. 824, 64 So. 734, 735 (1914), Pier Bang was convicted in justice court of the unlawful sale of intoxicating liquors and fined $150. Bang appealed to the circuit court, and a trial took place. Id. After the State had rested its case, Bang moved to dismiss the appeal. Id. The circuit court overruled the motion, and Bang appealed the ruling to the Supreme Court. Id. In holding that Bang had no right to have the appeal dismissed, the Court stated:
It will be seen that the case is brought into the circuit court by appeal from the judgment of the justice of the peace court. When it reaches the circuit court, it is there for trial anew, and disposition just as other cases therein pending. The circuit court is a trial court. The case, although brought to that court by appeal, is there for trial. In this prosecution for a criminal offense, appellant, while his case was being tried, occupied the same position as any other defendant being tried on a criminal charge.
Id. The Court also appeared to rely on the fact that the State had presented its evidence against Bang before he had moved for dismissal, stating:
The trial judge did not err when he overruled the motion of appellant in this case for permission to dismiss his appeal. Appellant was being tried anew in the circuit court. He was on trial for the crime charged against him. His case was being disposed of as other and like cases in that court. All of the evidence to prove his guilt had been introduced on behalf of the state. The proof was sufficient to support a verdict convicting him. He had no right then to have his case dismissed.

Id.

¶ 13. The Court addressed the issue again in Thigpen v. State, 206 Miss. 87, 39 So.2d 768 (1949). Henry Clay Thigpen was convicted in justice court of the unlawful sale of intoxicating liquors and sentenced to pay a fine of $250 and costs. Thigpen appealed to the circuit court, but on the morning of trial, he moved for a continuance. Id. at 769. When the trial court denied the motion, Thigpen moved to dismiss the appeal on a writ of procedendo. Id. Thigpen was found guilty and appealed to the Supreme Court. Id. Citing Bang, the Court stated that “one appealing a conviction from the Justice of the Peace court to the Circuit Court stands there for trial de novo as defendant and he occupies in that court the same attitude of a defendant as he did in the court of the Justice of the Peace and as such is impotent to dismiss the case.” Id. The Court held that Thigpen “had no more right to dismiss the appeal in the Circuit Court than he had to enter a nolle prosequi in the court of the Justice of the Peace” because a defendant charged with a crime has no right to dismiss the case against him from the docket. Id.
*1043 ¶ 14. In Peeples v. State, 216 Miss. 790, 63 So.2d 236 (1953), and Parham v. State, 229 So.2d 582 (Miss.1969), this Court relied upon Bang and Thigpen to find a defendant was not entitled to dismiss an appeal from justice court. In each case, the trial court had overruled the defendant’s motion to dismiss the appeal, made on the day of trial. In Peeples, the Court, citing Bang and Thigpen, found without discussion that the issue was without merit. In Parham, the Court, citing Thigpen and Peeples, found that “the argument that the circuit court is required to dismiss an appeal from the Justice of the Peace Court upon the request of the defendant has been refuted in at least two cases from this Court.” The Court supported its holding with a quote from Thigpen’s discussion of Bang. Parham, 229 So.2d at 584.
¶ 15. The Court revisited the issue in Lee v. State, 357 So.2d 111 (Miss.1978). Wilbert Lee was convicted in justice court of driving while intoxicated and sentenced to ninety days in jail and fined $320. Id. at 112. He appealed to circuit court for a trial de novo. Subsequently, his counsel moved to dismiss the appeal. The circuit court granted the motion and remanded the case to justice court on writ of proce-dendo. Id. With new counsel, Lee moved to set aside the dismissal and writ of pro-cedendo and reinstate the appeal; the trial court overruled the motion. Id. Lee appealed to this Court, arguing that he was improperly denied a hearing on the motion to set aside. Id. Lee argued that he would have shown at a hearing that he never had authorized his prior counsel to move for dismissal. Id.
¶ 16. The Court found that, in order to dismiss an appeal and remand on a writ of procedendo, the defendant must be called in open court and given an opportunity to prosecute the appeal. Id. (citing McCoy v. State, 302 So.2d 509 (Miss.1974)). Because the appellate record was inconclusive as to whether the defendant had been present at the dismissal of the appeal, a hearing on the issue was necessary. Id. at 113. The Court reversed and remanded for a hearing on whether dismissal of the appeal was proper, or whether the motion to set aside the dismissal should be granted. Id.
¶ 17. Nelson cites Lee in support of her argument that the county court lacks jurisdiction to reinstate an appeal that has been dismissed and the case remanded on writ of procedendo. She specifically relies on the language in Lee that “where the justice court had already found the appellant guilty and had passed sentence in the cause, an order dismissing an appeal on a writ of procedendo is tantamount to a guilty plea and acceptance of the justice court sentence.” Lee, 357 So.2d at 113. From this statement, Nelson concludes that, with the order dismissing the appeal and remanding on writ of procedendo, the county court deprived itself of any further jurisdiction, and that the county court was without jurisdiction to set aside the order of dismissal.
¶ 18. However, Lee actually stands for the opposite of Nelson’s proposition. In Lee, the Court reversed the circuit court’s denial of a motion to set aside an order that had dismissed an appeal and remanded on writ of procedendo. Id. The Court remanded for a hearing and a determination of whether the order of dismissal and remand on writ of procedendo should be upheld or set aside. Id. This Court determined that dismissal may have been improper because Lee had not been present in open court and was not given the opportunity to prosecute the appeal. Therefore, Lee explicitly recognized that a court to which an appeal has been taken for a trial de novo is empowered to: (1) grant the defendant’s appropriately timed *1044 motion to dismiss the appeal and remand on writ of procedendo; and (2) set aside the order of dismissal and remand on writ of procedendo, upon a determination that the order of dismissal and remand was improper. Id.; see also Ferrell v. State, 785 So.2d 317, 320-21 (Miss.Ct.App.2001).
¶ 19. Under Lee, the county court had jurisdiction to consider the motion to set aside the order of dismissal and remand. The county court determined that the order of dismissal and remand was improper because the city had lacked notice and an opportunity to respond to Nelson’s motion to dismiss. Therefore, the court reinstated the appeal, giving the State an opportunity to respond to Nelson’s motion to dismiss. Nelson argues that this ruling infringed upon her right to dismiss the appeal voluntarily without the city’s consent. She cites precedent from Oklahoma and Wyoming that a party may dismiss an appeal from justice court to county court at any time before the commencement of the trial without the consent of the other party. O’Rourke v. O’Rourke, 142 Okla. 238, 286 P. 341, 343 (1930); Mayott v. Knott, 16 Wyo. 108, 92 P. 240, 241 (1907). However, this precedent is inapposite to this case. The reason the county court set aside the order of dismissal and remand was not because the city had not consented to the order. Rather, the court set aside the order of dismissal and remand because the city had not been afforded an opportunity to respond to the motion to dismiss. On reconsideration, the county court determined that it had erred by entering the order of dismissal and remand without allowing a response from the city. Therefore, the county court set aside the order of dismissal and remand. We find that the decision to hear the city’s arguments on the motion to dismiss in this case was within the county court’s sound discretion.
II. WHETHER DOUBLE-JEOPARDY PROTECTIONS ARE INVOKED WHEN THE COUNTY COURT ALLOWS THE STATE TO NOLLE PROSEQUI A CRIMINAL CHARGE AFTER AN APPEAL FOR A TRIAL DE NOVO HAS BEEN DISMISSED BY THE APPELLANT.
¶ 20. After setting aside the order of dismissal and remand on writ of proceden-do, the county court granted the State’s motion to nolle prosequi the DUI-first charge against Nelson. Nelson argues that, because she has been convicted of DUI-first and sentenced by the municipal court, double-jeopardy considerations prevent the State from obtaining a nolle pro-sequi on that charge with the intention of subsequently indicting her for felony DUI.
¶ 21. Section 22 of the Mississippi Constitution of 1890 provides that “no person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.” Miss. Const, art. 3, § 22. “Under the plain wording of Article 3, § 22, in order for this state’s Double Jeopardy Clause to apply the accused must first suffer an actual acquittal or conviction on the merits of the offense.” State v. Fleming, 726 So.2d 113, 115 (Miss.1998)). Double jeopardy protects against a second prosecution after acquittal or conviction, as well as protecting against multiple punishments. Brawner v. State, 947 So.2d 254, 266 (Miss.2006) (citing Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994)).
¶ 22. The entry of a nolle prose-qui does not bar another prosecution for the same offense under a new indictment. De La Beckwith v. State, 707 So.2d 547, 569 (Miss.1997). But Nelson does not *1045 claim she has been twice placed in jeopardy for the same offense. Rather, she contends that she may be prosecuted in the future for felony DUI. Therefore, the question of whether the municipal court proceedings would bar a subsequent prosecution under double-jeopardy considerations is not ripe for determination. See York v. State, 751 So.2d 1194, 1999-1200 (Miss.Ct.App.1999). For the same reason, the due-process arguments posited by the dissent are inappropriate for consideration at this time.[4] This Court does not issue advisory opinions. Tallahatchie Gen. Hosp. v. Howe, 49 So.3d 86, 93 (Miss.2010).

CONCLUSION

¶ 23. We find that the county court had jurisdiction to set aside the order of dismissal and remand on writ of procedendo and reinstate the appeal. We further find that Nelson’s double-jeopardy argument is not ripe for our consideration. Therefore, we affirm the decision of the circuit court, which affirmed the decision of the county court.
¶ 24. AFFIRMED.
WALLER, C.J., CARLSON, P.J., RANDOLPH AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J. LAMAR, J., JOINS IN PART.

. "A writ of procedendo is issued by a court of superior jurisdiction to a court of inferior jurisdiction to enforce the lower court's judgment.” Ferrell v. State, 785 So.2d 317, 319 (Miss.Ct.App.2001) (citing Pool v. State, 176 Miss. 514, 515, 169 So. 886, 887 (1936)).

. A certificate of service states that Nelson’s motion to dismiss was served on the prosecutor the day it was filed, on March 27, 2007. However, the order of dismissal was entered on that same day. Our review of the record indicates it was the understanding of the parties and the court that, for all practical pur *1040 poses, the prosecutor had no opportunity to respond to the motion.

. Nelson’s appeal came to this Court under the former "three-court rule.” In Jones v. City of Ridgeland, 48 So.3d 530 (Miss.2010), this Court found the three-court rule to be unconstitutional. In describing the rule, this Court stated that it
prohibits defendants who are aggrieved by a decision originating in justice or municipal court, and who have appealed to both county court and circuit court, from successfully appealing to this Court unless two requirements are met: (1) the appeal must involve a federal or state constitutional question, and (2) either the circuit court judge or a Supreme Court justice must "allow” the appeal.
Id. at 534.

. As the dissent points out, "in [Thigpen v. Roberts, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984), and Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) ], felony indictments had been brought while the defendants’ appeals were pending.”